JAMES S. O'BRIEN v. VANDALIA BUS LINES, INC., a Corporation, Appellant.—No. 38285.—173 S. W. (2d) 76.

Division One, July 6, 1943.

Rehearing Denied, July 20, 1943.

*Moser, Marsalek & Dearing* and *J. C. Jaeckel* for appellant.

*Mark D. Eagleton, James A. Waechter* and *Donald Gunn* for respondent.

DOUGLAS, P. J.—This is an action for damages for personal injuries. Plaintiff recovered a judgment for $15,000 and defendant has appealed.

Plaintiff while driving his automobile attempted to pass defendant's bus. The [77] bus swerved to the left striking the automobile causing it to veer to the right and collide with a retaining wall along the right side of the highway, then to bounce back to the left and hit a pier in the center of the highway supporting an overpass. As a result plaintiff received the injuries presently discussed.

During the examination of the prospective jurors, counsel for the bus company asked four questions of the entire panel as to whether any of them could not be fair and impartial to the bus company. There was no response from the panel to any of the questions. Counsel next inquired whether any member of the panel then had pending a claim for personal injuries. Again there was no response. He asked whether any member had made such a claim in the past. A juror raised his hand and on interrogation counsel learned the claim was for injuries to the juror's wife. This led to two questions addressed to the entire panel whether they would find against the bus company merely because plaintiff suffered injuries. The next question was whether there was any other member of the panel besides the juror interrogated who had anyone in his family who had made such a claim. A second juror responded to this question. Then the examination closed with two general questions, counsel again asking whether there was any member who could not give the bus company a fair trial. It thus appears that after interrogating the first juror who responded, counsel did not repeat his question whether any juror had made a claim but confined his following question to claims for injuries by the families of the panel.

After the jury returned their verdict counsel learned that a juror had not disclosed that he had filed suit some ten years before on a claim for personal injuries arising out of an automobile accident with a dairy company's truck. The claim had been settled before trial. This fact was presented to the trial court in the motion for new trial. Counter affidavits of the jurors were filed stating that the offending juror in no way attempted to exert any influence on the others; that after a short discussion in the jury room the jurors took a written vote which was unanimously for plaintiff.

Did the trial court abuse its discretion in failing to grant a new trial?

The right to a jury trial demands fair, unbiased and impartial jurors. To obtain this end counsel must examine prospective jurors as to their qualifications, their interest or prejudice. Prospective jurors must be candid and truthful in answering the questions. When responsive to the questions put to them, they should disclose facts and circumstances from which counsel and the court itself, if called upon, may determine their impartiality.

An unintentional failure to disclose information as to matters not connected with the case does not necessarily show prejudice on the part of a juror. Naylor v. Smith (Mo.), 46 S. W. (2d) 600. In this case, except for his failure to disclose his past claim for injuries the record is silent as to any bias or prejudice harbored by the offending juror or any fact or circumstance from which prejudice might be reasonably inferred. If the conduct of the juror amounted to deception and the bus company was thereby deprived of a fair trial, the trial court had full discretion to set aside the verdict and order a new trial. Had it done so, this court would be "liberal in upholding the court's action." Lee v. Baltimore Hotel Co., 345 Mo. 458, 136 S. W. (2d) 695. And see Massman v. Kansas City Public Service Co. (Mo.), 119 S. W. (2d) 833 and Reich v. Thompson, 346 Mo. 577, 142 S. W. (2d) 486. The trial court found otherwise, and refused to disturb the verdict. In so doing it in nowise abused its discretion. The cases of Gibney v. St. Louis Transit Co., 204 Mo. 704, 103 S. W. 43 and Webb v. M.-K.-T. Ry. Co., 342 Mo. 394, 116 S. W. (2d) 27 may be distinguished on the facts.

The court gave this instruction for plaintiff on the measure of damages: "The Court instructs the jury that if, under the evidence and the other instructions of the Court, you find in favor of the plaintiff, then, in assessing his damages, you will allow him such sum as you believe and find from the evidence will fairly and reasonably compensate plaintiff for whatever injuries and damages, if any, plaintiff suffered on the occasion in question, and such injuries and damages, if any, as directly resulted therefrom; and in arriving at your verdict you may take into consideration the pain and suffering of body and mind, if any, plaintiff has suffered [78] by reason and on

account of said injuries, and such pain and suffering of body and mind, if any, as you may find and believe from the evidence plaintiff is reasonably certain to suffer in the future by reason and on account of said injuries, if any.''

It was not necessary for the instruction specifically to limit the jury to the amount asked in the petition in assessing special damages because the evidence does not justify a recovery exceeding the loss pleaded. The loss pleaded was ''that plaintiff lost wages and earnings in the sum of approximately $1,500, and will in the future continue to lose wages and earnings;'' The evidence showed a loss of earnings less than the amount pleaded. Plaintiff testified his wages at the time of the accident were about $190 per month. He was away from work for six months and nineteen days. As a result his loss in earnings came to approximately $1,266. The evidence of the medical expense showed it also to be less than the amount pleaded. The jury is presumed to follow the evidence in measuring the amount of their award. Laycock v. United Rys. Co. of St. Louis, 290 Mo. 344, 235 S. W. 91. The situation discussed in Finley v. United Rys. Co. of St. Louis, 238 Mo. 6, 141 S. W. 866, and in the cases cited therein, is not the same as the one here.

At the time of the injury plaintiff was forty-three years of age, in good health, and employed as a railroad machinist which required him to be on his feet most of the time. He was confined to the hospital for three months and unable to return to work for more than three additional months after leaving the hospital. At the time of the trial, twenty-three months after the accident, his condition did not permit him to work steadily. He suffered a comminuted fracture at the junction of the upper and middle third of the right thigh bone. While in the hospital phlebitis developed in the left leg causing it to swell from the foot to the hip. The phlebitis also developed in the right elbow and up into the shoulder and neck. Ulcers of the foot and toes formed. At the trial the toes of the left foot were still enlarged and gave evidence of poor circulation. His doctor testified that a scratch or pressure would likely produce ulcers and cause pain in the future but that the condition of the foot would get better in time. The right leg, at the time of the trial was stiff and painful which condition would continue but would improve. In brief, it may be stated that the chief injuries are the fractured right leg and the condition of the left leg resulting in pain in both legs so that plaintiff is unable to remain on his feet as he did before he was injured.

Injuries to the person are not susceptible of definite measurement in money. What would be a reasonable award must rest largely in the discretion of the jury. Awards for similar injuries in other cases are not controlling on the question of reasonableness because the injuries in no two cases are found to be precisely the same. However, other cases are valuable for the purposes of comparison in order to

arrive at some flexible basis for determining between a reasonable and an excessive award. We find in Morris v. Atlas Portland Cement Co., 323 Mo. 307, 19 S. W. (2d) 865 this court regarded an award of $8,000 as reasonable for injuries resulting in a fracture of the right leg which left its use somewhat impaired. In that case there appears to have been no involvement of the other leg as we have here. In addition, we find plaintiff's loss of earnings and his expenses amount to about $2,600. Under the circumstances we believe an award of $12,500 would be reasonable so that the verdict of $15,000 is excessive by $2,500. If plaintiff will remit $2,500 within ten days the judgment will stand affirmed for $12,500 as of the date it was originally entered; otherwise the judgment will stand reversed and the cause be remanded for new trial.

Affirmed on condition of remittitur. All concur.