MARVINS CREDIT, Inc., a corporation, Appellant,

v.

Rosetta STEWARD and Walter J. Steward, Appellees.

No. 1949.

Municipal Court of Appeals for the District of Columbia.

Argued March 25, 1957.

Decided June 24, 1957.

9. 27 C.J.S. Divorce § 136(2) (b).

10. Marshall v. Marshall, 55 App.D.C. 173, 175, 3 F.2d 344, 346, 40 A.L.R. 624.

---

Marvin E. Perlis, Washington, D. C., with whom Abraham Chaifetz, Washington, D. C., was on the brief, for appellant.

Jack Politz, Washington, D. C., for appellees.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

ROVER, Chief Judge.

Appellant sued appellees for the price of merchandise sold to them; a jury returned a verdict for appellees, both on the original claim and on their counterclaim. A motion to set aside the verdict and to grant a new trial was denied. The appeal is from this action of the court.

The principal error complained of grows out of the failure of one of the jurors to respond to certain questions propounded on the voir dire examination which, it is argued, if answered truthfully, would have shown possible bias or prejudice against the appellant; that the failure to answer deprived appellant of substantial rights, namely, the right to challenge the jurors either for cause or peremptorily;[1] that accordingly the motion for a new trial, supported by affidavit and not controverted, should have been granted, in view of the fact that the statements contained in the affidavit demonstrated that the information not disclosed by the juror was material and relevant as bearing on her impartiality.

The law in this jurisdiction recognizes two steps in the selection of a jury for the trial of a civil case. It has been the practice for some years to furnish all interested counsel, at the beginning of each month, with a list of the names, addresses, and employment of the entire jury panel that is to serve both in criminal and civil cases for the month. From this list the clerk selects the names of twenty persons from which the jurors in the instant case are to be selected; they are sworn and then are open to be examined on voir dire, either by the court or counsel, as decided by the trial judge. At this stage, questions may be propounded to elicit any information concerning each individual that might indicate bias or prejudice in the instant case. When the court permits counsel to conduct the examination, they are permitted to advise the twenty jurors of the names of the parties and their attorneys; to summarize the facts in controversy; to inquire as to relationship or acquaintance with the parties or counsel; and concerning any involvement of a juror in similar controversies with either party to the suit, or others. If facts are developed by the questions that persuade either counsel that any juror could or would not decide the case fairly and impartially, he may be challenged for "cause"; if this challenge is not sustained, the ruling may be reviewed by the appellate court. After

---

1. When we refer in this opinion to *peremptory* challenge, we equate it with the "struck jury" procedure followed in this District in civil cases.

counsel or the court, as the case may be, has completed this procedure, each counsel is then permitted to strike four names from the list of twenty. The twelve persons remaining constitute the trial jury. In case counsel between them do not strike eight names, the clerk then strikes sufficient names so that the twelve remaining become the jury to try the case. This was the procedure followed in this case, the court permitting counsel to conduct the voir dire examination.

After the jurors were sworn, the following occurred while the attorney for the appellant was propounding the questions:

"Ladies and gentlemen of the panel, this is a case between Marvin's Credit, Inc., which operates a retail credit installment store on Seventh Street, and which is also the owner of Eiseman's Store at Seventh and F Streets, against Rosetta Steward and her husband, one Walter J. Steward.

\*   \*   \*   \*   \*   \*

"If the answer is yes to any question, please raise your hands.

\*   \*   \*   \*   \*   \*

"Does any member of the panel have a charge account with either Marvin's Credit or Eiseman's? (No response.) \*   \*   \*

\*   \*   \*   \*   \*   \*

"Has any member of the panel been sued on a charge account by any credit store? (No response.)

"The answer to all these questions, I take it, is no, there being no response."

In the affidavit filed in support of the motion for a new trial, it is stated that a juror and her husband had a charge account with the appellant from December 24, 1942, to September 9, 1954; that on March 27, 1954, appellant obtained a judgment against them, garnishments were issued thereon against the salary of the husband, and that the judgment was paid in full on September 9, 1954; that on June 15, 1956, the juror and her husband opened an account at "Eiseman's" (which is owned and operated by the appellant); that on November 15, 1956, suit was filed on this account against the juror and her husband, and that she made a payment on the account on December 1, 1956. No counter-affidavit was filed.

The questions asked were material, relevant, clear, definite, and should have been easily understood. It was the duty of the jurors to answer them truthfully; the juror in question remained silent. The transactions set forth in the affidavit were recent in point of time. The questions were asked on December 11, 1956; one of the matters in which the juror was involved happened in 1954; the other in December 1956, just ten days before the questions were asked. If the juror had answered truthfully, counsel would have had the right to pursue the inquiry further in an attempt to probe her mind as to bias or prejudice against his client because of the suits filed against her and her husband. If no bias or prejudice were shown that was sufficient to persuade the court to sustain a challenge for cause, counsel still had the opportunity to strike her name as a member of the jury, which would have the same effect as a peremptory challenge. By her silence, he may have been misled. In any event, she sat as a juror and participated in rendering two verdicts against the appellant: one on the original complaint, the other on the counterclaim.

While the decisions agree that in all jury trials the parties are entitled to have their matters adjudged by jurors as impartially as is humanly possible, some cases hold to the view that the burden is on the complaining party to establish prejudice; others that the trial judge has wide discretion in determining whether to set aside a verdict; and that except where clear abuse of discretion is demonstrated, the appellate court should not interfere. Others have decided against the granting of a new trial because the questions asked

were not sufficiently important or relevant, or that the juror's involvement in other controversies was too remote in time, or that the questions asked were vague or unclear. In some cases the courts have found that counsel already had knowledge of the facts that would otherwise justify the juror's disqualification and have held that counsel waived his rights.[2]

We think that the rule to govern such situations may be summarized as follows: Full knowledge of all relevant and material matters that might bear on possible disqualification of a juror is essential to a fair and intelligent exercise of the right of counsel *to challenge either for cause or peremptorily.* It is the duty of a juror to make full and truthful answers to such questions as are asked, *neither falsely stating any fact nor concealing any material matter.* If a juror falsely represents his interest or situation or conceals a material fact relevant to the controversy and such matters, if truthfully answered, might establish prejudice or work a disqualification of the juror, the party misled or deceived thereby, *upon discovering the fact of the juror's incompetency or disqualification after trial,* may assert that fact as ground for and obtain a new trial, upon a proper showing of such facts, even though the bias or prejudice is not shown to have caused an unjust verdict, it being sufficient that a party, *through no fault of his own,* has been deprived of his constitutional guarantee of a trial of his case before a fair and impartial jury.[3]

The Supreme Court of New Hampshire in Shulinsky v. Boston & M. R. R.[4] has well said:

"* * * [I]f by reason of false information furnished under the

court's authority and in organizing the jury, a peremptory challenge as to a prospective juror is not exercised, the party having the right of challenge is as effectively deprived of his right as though the right were denied. The right to challenge implies its fair exercise, and if a party is misled by erroneous information obtained through application to the court, the right of rejection is impaired. False information thus obtained and relied on is as destructive of a fairly constituted jury in its application to a peremptory challenge as to a challenge for cause. * *

"Argument that a finding that the trial was fair is not pertinent. The question is whether a proper tribunal was established, and not whether an improperly established tribunal acted fairly. * * *

"If due diligence has been used and there is no waiver of rights, the fact that a juror disqualified either on principal cause or to the favor has served on a panel is sufficient ground for setting aside the verdict, without affirmatively showing that the fact accounts for the verdict. The trial is unfair because the jury is improperly constituted. * * *"[5]

Counsel for appellees states in his brief that "appellant knew, or had, the information available to them during the trial * * *." There is nothing in the record to support this statement. We feel not only that all parties are entitled to a fair and impartial trial, but that it is important that they should feel that they have had such a trial. Applying the legal principles above enunciated to the facts in this

2. See Annotation, 38 A.L.R.2d 625, and the cases discussed and cited for a summary of the theories adopted in various jurisdictions.

3. See 39 Am.Jur., New Trial, § 45; 31 Am.Jur., Jury, § 108.

4. 83 N.H. 86, 139 A. 189, 191.

5. See also Drury v. Franke, 247 Ky. 758, 57 S.W.2d 969, 88 A.L.R. 917; Webb v. Missouri-Kansas-Texas R. Co., 342 Mo. 394, 116 S.W.2d 27; O'Brien v. Vandalia Bus Lines, Inc., 351 Mo. 500, 173 S.W. 2d 76; Dallas R. & Terminal Co. v. Kurth, Tex.Civ.App., 247 S.W.2d 930; Crutcher v. Hicks, Ky., 257 S.W.2d 539, 38 A.L.R.2d 620.

particular case, we come to the conclusion that the motion for a new trial should have been granted.

Reversed with instructions to grant a new trial.