Roger RINKENBAUGH, Respondent,

v.

**CHICAGO, ROCK ISLAND AND PACIFIC RAILROAD COMPANY, a Corporation, Appellant.**

No. 54019.

Supreme Court of Missouri,
Division No. 2.

Nov. 10, 1969.

Ernest Hubbell, William C. Lane, Daniel D. Sawyer, Walter A. Raymond, Kansas City, for respondent.

Thad C. McCanse, Neal E. Millert, David A. Welte, James, McCanse & Larison, Kansas City, for appellant.

PRITCHARD, Commissioner.

After a defendant's verdict on plaintiff's $184,732.00 claim for personal injuries brought under the Federal Safety Appliance Act, the trial court awarded plaintiff a new trial, "because plaintiff was deprived of a fair trial by the misconduct of jury foreman Dale K. Burns in intentionally failing to disclose, in response to questions propounded by counsel for plaintiff, during the voir dire examination of the jury panel, that he had been sued on account of personal injuries suffered by another person, when in truth and in fact said Juror had been so sued."

The issue is whether the trial court abused its discretion in awarding a new trial, or as defendant puts it in its reply brief: "The only real issue in this case is whether or not there was any rational, logical basis for a finding of intentional concealment of a material fact upon which an inference of bias and prejudice on the part of Juror Burns could be based."

On the voir dire examination, plaintiff's counsel asked the panel whether any member had ever been sued on account of personal injuries or death suffered by someone else. Mr. James A. Seibert answered that he believed he and his insurance company were being sued, that such fact would not prejudice him against plaintiff. No other member of the panel responded to the question.

Counsel for defendant, after inquiring of the panel whether any member knew the physician who would testify, whether any member worked for defendant or was familiar with boxcar braking systems, asked: "Have any of you members of this panel ever filed a claim for personal injuries to yourself? I think Mr. Lane asked the reverse of the question. Yes, Mr. Burns. MR. DALE BURNS: About nine years ago I filed a claim due to an accident involving a city's manhole cover and my car. My nose and face was mashed up a little bit from that. MR. McCANSE:

Your nose was mashed? MR. BURNS: Yes. It has since been settled. MR. McCANSE: The City settled it? MR. BURNS: Yes. MR. McCANSE: Did you have any other injuries besides your nose? MR. BURNS: Bruises and cuts around my face. MR. McCANSE: Is there anything in that experience—by the way, was there a lawsuit? MR. BURNS: There was a suit brought, but it was settled out of court and there is nothing there that would influence my thinking. MR. McCANSE: You have anticipated me. Could you sit and hear this case and decide it without an axe to grind for the injured party or the defendant, in light of that experience? MR. BURNS: Yes."

The unanimous verdict of the jury for defendant was signed, "Dale K. Burns, Foreman." Mr. James A. Seibert, who stated that there was a claim pending against him at the time of trial, was stricken from the panel by counsel for plaintiff in the exercise of a peremptory challenge.

Plaintiff's motion for new trial set up for grounds for relief "the misconduct of jury foreman Dale K. Burns in intentionally failing to disclose, in response to questions propounded by counsel for plaintiff during the voir dire examination of the jury panel, that he had been sued on account of personal injuries suffered by another person, when in truth and in fact said juror had been so sued." It was further alleged that the failure of juror Burns to disclose that he had been sued was an intentional concealment of a material fact, which deprived plaintiff of the opportunity to examine him as to his feelings, bias and prejudice, and the exercise of a challenge for cause or a peremptory challenge; and that counsel for plaintiff did not know that Burns had been so sued until an investigation was made after trial, and by the exercise of ordinary care he could not have learned thereof until after such time.

The court file in the civil case of Janet Paul, by her mother and next friend, Norma Brown, was introduced into evi-

dence. The petition therein alleged that on August 27, 1961, plaintiff was a passenger in a vehicle which was struck in the rear by a vehicle operated by Dale K. Burns, about five miles west of Sedalia, Missouri, on U. S. Highway No. 50. The prayer for damages for resulting injuries was for $7,500.00. The summons and a copy of the petition were served upon Dale K. Burns on October 19, 1961. An answer was filed, and on December 5, 1961, the court (a jury being waived) awarded the plaintiff a judgment for $1,000.00, which was satisfied of record.

Schubert D. Henry, an attorney, was in 1961 employed as Regional Claims Manager for Consolidated Underwriters Insurance Company. Jerry Bowman, also employed by that company, filed the answer and was present when judgment was rendered in the Paul action. The office file, produced by Mr. Henry, showed that Dale Burns, who was insured in another company, was served with summons, which with the petition went to the office of Jones and Tager. The record of payments of the claim shows that plaintiff was paid $1,000.00, and her mother was paid $500.00. There was nothing in the file to indicate that Burns was contacted or a statement taken from him or that depositions were taken. It was a friendly suit to settle a minor's claim, and was settled less than two months from the time suit was filed.

Dale K. Burns testified that he served as the foreman of the jury in plaintiff's action. He was thirty-one years of age and was employed as a station agent planning loads that went out on airplanes for Frontier Airlines. At the beginning of the trial he heard and understood the question asked of the panel as to whether any member had been sued on account of personal injury suffered by another. He also heard Mr. Seibert answer the question by telling of his experience in being sued. At the time of the hearing he did not recall being sued, or ever receiving anything saying that he had been sued. He vaguely recalled the accident after being shown some copies of statements, and the fact that he had paid $100.00 for the deductible to the lady who owned the car he was driving brought the accident back to his memory. "Q. And the payment for the damage to the car that you were driving was an unusual experience for you, wasn't it? A. It was—I guess you would call it an unusual experience, yes, sir. Q. In fact, having a collision is an unusual experience for you, isn't it? A. Well, I think that a collision for anybody is an unusual experience. Everybody tries to avoid them as much as possible. Q. And if you were sued that would be an unusual experience, too, wouldn't it? A. I would say so. Q. And if you turned over the petition and summons to your own insurance company, that would be an unusual experience, too, wouldn't it? A. I would say so, yes, sir."

On cross-examination by defendant's counsel, Burns testified that he did not intentionally conceal the lawsuit. He did not know plaintiff before the time he sat as a juror, and had no connection whatsoever with the Rock Island before or since. He had no reason to hide or conceal anything from the court as far as the prior suit was concerned. He has no prejudice against anybody who files an action. He assumed he would have turned a summons over to his insurance company if he had received it. He does not remember ever receiving a summons in regard to the accident.

Defendant cites several Missouri cases under its sole point that the trial court abused its discretion by arbitrarily sustaining plaintiff's motion for new trial on the ground that juror Burns intentionally concealed a material fact on voir dire examination. None of these cases support defendant's position. Beggs v. Universal C. I. T. Credit Corporation, Mo., 387 S.W. 2d 499, reversed a trial court's ruling denying a new trial upon a finding by the appellate court upon review that four jurors had intentionally withheld information which should have been disclosed on voir dire examination relating to involvement in litigation and financial difficultes with

finance companies. So also with Dalton v. Kansas City Transit, Inc., Mo., 392 S.W. 2d 225, and Brady v. Black & White Cab Company, Mo.App., 357 S.W.2d 720. In the following cited cases, involving like issues, the order for new trial was affirmed: Girratono v. Kansas City Public Service Company, Mo., 272 S.W.2d 278; Logsdon v. Duncan, Mo., 293 S.W.2d 944; Woodworth v. Kansas City Public Service Company, Mo., 274 S.W.2d 264 (a leading case); and Maddox v. Vieth, Mo.App., 368 S.W.2d 725. No case is cited, or has been found, which reverses a trial court's ruling granting a new trial for the same reason as here. Such lack of cases is not for the reason suggested by defendant, that "the trial judge should not be reversed for abusing his discretion because it has never been done before." Rather, the usual affirmance of the trial court's action is based upon the long-standing rule that an order granting a new trial will be more liberally upheld, and for the further rule of deference to the trial court because, having presided over the trial and the hearing on the motion for new trial, it is in a better position to determine the prejudicial effect of nondisclosure of information by a prospective juror (Woodworth v. Kansas City Public Service Company, supra, loc. cit. 274 S.W.2d 271). And in Logsdon v. Duncan, supra, loc. cit. 293 S.W.2d 947, it was said, "But, the granting of a new trial because of a juror's misconduct in failing to make full disclosure in these respects is the exercise of a discretionary power [citing the Woodworth case], and for that very reason it necessarily makes a vast difference in this court whether and how the trial court exercised its discretion, whether the trial court refused or granted a new trial." In the Logsdon case the court reviewed the action of the trial court in granting a new trial on a basis similar to that here urged, "whether the trial court's exercise of discretion is reasonably supported by the record."

■ In the Beggs case the basic considerations and determining rules are stated, loc. cit. 387 S.W.2d 503 [2–8]. Briefly summarized they are: The constitutional right of every citizen to trial by jury to be meaningful contemplates a fair and impartial jury; it is the duty of a juror on voir dire examination to fully, fairly and truthfully answer all questions directed to him (and to the panel generally) so that his qualifications may be determined and challenges may be intelligently exercised; a prospective juror may not be the judge of his own qualifications; bias and prejudice of a juror may be inferred from his intentional concealment of such information, the determination of which question must be left to the sound discretion of the trial court; and the exercise of that discretion is subject to judicial review.

■ Here, juror Burns admitted that he had heard and understood the question as to whether any member of the panel had been sued. He heard Mr. Seibert, who was excused from the panel, tell of his experience in being sued. He agreed with counsel for plaintiff that paying the deductible collision on the car he was driving to its owner, having the collision, being sued, and turning over the petition and summons to his insurance company, were all unusual experiences. He did remember with clarity and stated his own experience in filing suit for his own injuries in another action (the reverse of the question asked by Mr. Lane). As in the Girratono case, supra, loc. cit. 272 S.W.2d 281 [1, 2], "The trial court was not required to believe the bland statement of Byrd that he had forgotten such suits." The matter of whether, at the time of the voir dire examination, Burns had or had not forgotten the fact of the suit against him was for the trial court to determine. It was further not required to believe Burns' protestations that he did not intentionally conceal the lawsuit, that he had no reason to hide or conceal anything as far as the prior suit was concerned, that he had no prejudice against anybody who filed an action, and that he did not remember receiving a

summons in regard to the accident. Woodworth case, supra, loc. cit. 274 S.W.2d 271. There exists a logical basis, supported by the record, for the trial court to find that juror Burns intentionally concealed the fact of the prior suit against him. Not only can the prejudice be inferred from that finding, but it appears also that plaintiff, not knowing the facts, was deprived of his opportunity to challenge for cause, or exercise a peremptory challenge. Burns' part in returning the verdict is clear. He was foreman of the jury, and signed the verdict. See Dalton v. Kansas City Transit, Inc., supra, loc. cit. 392 S.W.2d 231.

The judgment is affirmed.

BARRETT, C., not sitting.

STOCKARD, C., concurs.

PER CURIAM:

The foregoing opinion by PRITCHARD, C., is adopted as the opinion of the Court.

All of the Judges concur.