William SNAVELY, Appellant,

v.

KANSAS CITY TERMINAL RAILWAY CO.,
Respondent.

No. 54896.

Supreme Court of Missouri,
Division No. 1.

Dec. 21, 1970.

Donald E. Raymond, Thomas M. Howell, Kansas City, for appellant.

Sam D. Parker, W. M. Stapleton, Daniel M. Dibble, Kansas City, for respondent; Lathrop, Koontz, Righter, Clagett, Parker & Norquist, Kansas City, of counsel.

HOUSER, Commissioner.

This is an action for damages against Kansas City Terminal Railway Company for personal injuries sustained by William Snavely, a carman in the employ of the Pullman Company, on account of alleged negligence of defendant's employees in causing one of its engines to violently strike a stationery Pullman car in which Snavely was working, throwing him against its interior surfaces and onto the floor. Following an evidentiary hearing on the railroad's motion for new trial, the trial judge set aside a $16,000 jury verdict and granted defendant a new trial on three grounds: that the verdict was against the weight of the evidence; was so excessive as to be the result of passion and prejudice on the part of the jury in favor of plaintiff and against defendant, and that defendant was prejudiced by the failure of Robert M. Swain, the foreman of the jury, to make full and complete disclosure in response to questions on voir dire examination that on September 27, 1962 he sustained an accident arising out of and in the course of his employment by Ralston Purina Company to his right knee for which he made claim for workmen's compensation

benefits. We affirm the action of the court on the third ground.

On voir dire examination prospective jurors are required to candidly and truthfully answer questions put to them touching their qualifications, interest and prejudices and to disclose pertinent facts and circumstances from which counsel and the court may determine whether they are fair, unbiased and impartial. O'Brien v. Vandalia Bus Lines, 351 Mo. 500, 173 S.W.2d 76, 77[1]. When false answers are shown to have been given on voir dire examination, or deception is otherwise practiced, the court may consider the matter on motion for a new trial, notwithstanding exception to the qualification of the jurors was not taken before the jury was sworn. Robbins v. Brown-Strauss Corp., 363 Mo. 1157, 257 S.W.2d 643, 647 [2].

The voir dire examination of the panel in this case was thorough and extensive. It occupies 41 pages in the transcript. The veniremen were examined both individually and as a group. More than 200 questions were directed at the group, individually and collectively. Four veniremen were excused for various causes as a result of the questioning. The court and counsel carefully explained the purpose of the inquiry, the general nature of the case (a workman injured while performing the duties of his employment) and the necessity of frank disclosure by the members of the panel of their background and experience in answer to questions. When counsel asked whether any of them had been plaintiffs in any litigation or lawsuits the court interrupted and emphasized the importance of thinking about previous litigation or having made claims, warning that occasionally it is necessary to set aside a verdict "because some member of the panel failed to think hard enough about this question and failed to reveal that he or she had been a party to a lawsuit or who have had a claim made against him or her sometime in the past. If you don't come up with the right answer now it may mean that all the work we go

through in the next day or so will be in vain, and if you think of something put up your hand, and if it should occur to you sometime later during the interrogation put up your hand and talk about it. It is important." It was explained that their silence when questions were asked would indicate a "no" answer.

Lawsuits and claims for rent, mechanic's lien, wages, personal injuries and on contract and in eminent domain were revealed. The panel was encouraged to speak up as to injuries they had received where claims were made but which did not result in the filing of lawsuits. *The panel was then asked whether any of them had been injured on the job and had a workmen's compensation claim against their employer.* One lady revealed that she had her finger cut on the job, told about the emergency and medical treatment rendered, and the time lost from her work. Another panel member informed the court about having been hurt at work—a workmen's compensation claim "they settled out." Robert Swain answered that two years previously he was hit from the rear and got a whiplash injury which lasted 3 or 4 days, that he completely recovered and that nothing about that experience would affect his judgment in the case about to be tried. Swain failed to reveal two job related injuries for which he received workmen's compensation.

■ Defendant's motion for new trial alleged that Swain failed to disclose that on September 27, 1962 he sustained an accident arising out of and in the course of his employment by the Ralston Purina Company. At the hearing on the motion defendant introduced in evidence two claim files of Liberty Mutual Insurance Company involving two workmen's compensation claims made by Swain against Ralston Purina Company. The first was a fractured little finger on December 14, 1961, for which he received $1,115.63 in workmen's compensation benefits. A compromise lump sum settlement was approved by

a referee on May 23, 1963, Swain appearing in person and executing a receipt for the money. The second was an injury to his knee on September 27, 1962. He was temporarily totally disabled, off work 1¾ weeks, and the matter was compromised by a conference rating before a referee. Swain received a total payment of $727.50 on that occasion. He was not represented by an attorney and filed no *formal* workmen's compensation claim on either occasion. At the hearing Swain first testified that he had no recollection of having injured his knee by stumbling and falling at the plant on September 27, 1962 while carrying an electric motor. Later he recalled being hurt on that occasion and having seen "the company doctor" but claimed no recollection of having seen three other doctors who examined him on account of his knee injury, or of having appeared before the workmen's compensation commission and having agreed to a settlement. Nor did he purport to have any recollection of the other injury resulting in the payment of $1,115.63 in compensation benefits. He attributed his failure to recollect to a memory defect, stating that he had Meniere's disease which started while he was in service in World War II; that he had an ear infection two years ago which had "done something" to his memory; that he was under medical treatment for the memory difficulty; that he had a memory defect while the trial in question was in progress; that he did not recall these two claims when he was being interrogated before the trial; that he answered truthfully to the best of his knowledge at that time, did not intentionally conceal information from the court, and had no personal prejudice toward defendant at the time the trial began.

After the hearing the trial judge commented that the most serious matter was Swain's failure to make these disclosures on voir dire; that he was considerably impressed by this charge. He noted that Swain had replied in considerable detail as to some matters and "a little vaguely" on

others; that Swain had ample opportunity to have disclosed these matters on voir dire and observed that Swain *did* reply as to the whiplash injury. The judge said it did not appear from the evidence heard (i.e. from Swain's testimony) that he "deliberately withheld," but that "the matter of credibility arises very strongly in a matter of this sort" and that "there is some problem in this area." He took the matter under advisement and asked counsel to file briefs.

■ Appellant seeks to distinguish between a voluntary payment of workmen's compensation in settlement without a technical claim filed and payment made after the filing of a formal claim, and lays the blame at counsel's feet for not attempting to define to the jury what was meant by the word "claim" and failing to make specific inquiry about workmen's compensation payments made without a formal claim having been filed. This exercise in semantics is not convincing. By the careful and extended inquiry of court and counsel and from the replies made by other veniremen and particularly the call for information about injuries on the job and workmen's compensation claims it was made abundantly clear to Swain that he was obliged in good faith to reveal the facts surrounding the injuries to his knee and his fractured finger and his workmen's compensation "claims." The trial court was not required or bound to believe, and evidently did not believe Swain's excuse for not revealing the facts about his injuries and workmen's compensation claims. Rinkenbaugh v. Chicago, Rock Island & Pacific R. Co., Mo. Sup., 446 S.W.2d 623, 626; Woodworth v. K. C. Pub. Serv. Co., Mo.Sup., 274 S.W.2d 264, 271. Apparently the trial court came to the conclusion, after taking the matter under advisement and receiving briefs on the question, that the conduct of Swain constituted deception and was not due to a defect of memory, and that by the nondisclosure defendant was deprived of a fair trial by an impartial jury. There is a substantial foundation on this record for a

finding that Swain intentionally failed to reveal the facts with respect to two injuries received by him on the job and for which he was paid workmen's compensation. Bias and prejudice may be inferred from intentional concealment of such information. Rinkenbaugh, supra, 446 S.W. 2d, 1.c. 626. Such a determination by the trial judge, who having presided over the voir dire examination and the hearings on the motion for new trial was in the best position to assess the question of prejudice or no prejudice arising from this nondisclosure, is a matter within the sound discretion of the court. Defendant, having no knowledge of these facts, had no opportunity to challenge Swain for cause and was deprived of the opportunity of exercising one of its peremptory challenges to eliminate Swain from the jury. No abuse of discretion is evident in the action of the trial court and we defer its judgment in the matter. Headrick v. Dowdy, Mo.Sup., 450 S.W.2d 161; Rinkenbaugh v. Chicago, Rock Island & Pacific R. Co., supra; Beggs v. Universal C. I. T. Credit Corporation, Mo.Sup., 387 S.W.2d 499; Woodworth v. K. C. Pub. Serv. Co., supra; Girratono v. K. C. Pub. Serv. Co., Mo.Sup., 272 S.W.2d 278.

■ Appellant contends, however, that there was no question of fact to be decided by the jury because liability was conceded; that the injury, the nature of the injury and the loss of time were agreed upon, and therefore under Webb v. Missouri-Kansas-Texas R. Co., 342 Mo. 394, 116 S.W.2d 27, and Lineker v. Missouri-Kansas-Texas R. Co., Mo.App., 142 S.W.2d 356, defendant was not prejudiced by the failure of Swain on voir dire to disclose prior injuries because the amount of the verdict is within the control of the court. Although defendant introduced no evidence on the question of liability and offered no instruction relating thereto liability was not admitted but was expressly denied in the pleadings. Whether plaintiff's testimony on liability and injury was to be credited and the nature and extent of the injuries

sustained were questions of fact to be decided, and defendant had a right to have them decided by twelve impartial jurors.

The judgment and order granting a new trial is affirmed.

WELBORN and HIGGINS, CC., concur.

PER CURIAM:

The foregoing opinion by HOUSER, C., is adopted as the opinion of the court.

SEILER, P. J., BARDGETT, J., and CORNING, Special Judge, concur.

HOLMAN, J., not sitting.