**STATE of Missouri, Respondent,**

v.

**Carroll E. GOODMAN, Appellant.**

**No. 56004.**

Supreme Court of Missouri,
Division No. 1.

June 14, 1971.

John C. Danforth, Atty. Gen., Kenneth M. Romines, Asst. Atty. Gen., Jefferson City, for respondent.

Gary E. Haggerty, Legal Aid and Defender Society of Greater Kansas City, Kansas City, for appellant; Paul T. Miller, Executive Director, Willard B. Bunch, Chief Defender, Kansas City, of counsel.

LAURANCE M. HYDE, Special Commissioner.

Defendant was convicted of assault with intent to do great bodily harm and sentenced to two years' imprisonment. Defendant had appealed. We affirm.

The facts stated by defendant's counsel and adopted by the state are as follows:

"On March 13, 1970, Robert Eugene Garrett was at the residence of John and Linda Clark with a girl friend Ruth Ann Sosebee. While he was at the residence, the appellant and his brother came up to the home. As Mr. Garrett was leaving he passed between Harold Goodman and the appellant and made a comment to them. The appellant swung at and missed Mr. Garrett, however, he accidentally fell to the ground. Mr. Garrett testified that when he fell, he was kicked by one of the Goodman brothers but did not know which one. He testified that the kick partially blinded him and he could not see clear; but that he was kicked and in being kicked moved from the front of the reisdence around the side and to the rear of the Clark residence and finally over a steep incline in the rear yard.

"Linda Clark testified she observed Mr. Garrett being kicked and that he was kicked and beat by both Harold and Carroll, and that while at the side of the Clark residence, the appellant pulled Ruth Sosebee off of Mr. Garrett and took her into the home. After the appellant took Ruth Sosebee in the home, he did not participate any further in the assault of Mr. Garrett. She testified it was Harold Goodman who kicked Mr. Garrett over the hill and that while he was at the bottom of the hill, he was kicked by a second brother of appellant, Ronnie Goodman, just as the police arrived." (We note Garrett said both Harold and Carroll Goodman started kicking him when he fell to the ground but he did not know which one kicked him first. Defendant did not testify.)

Defendant claims error in giving Instruction No. 5 which after defining "Wilfully" and "Feloniously" continued as follows: "The Court instructs the jury that if you believe and find from the evidence in this case, beyond a reasonable doubt, that at the County of Jackson and State of Missouri, on the 13th day of March, 1970, the defendant herein, CARROLL EUGENE GOODMAN, either alone or acting in concert with others, did then and there unlawfully, wilfully and feloniously make an assault upon one Robert

Eugene Garrett a/k/a Jake Eugene Garrett, and did then and there strike, beat, and wound Robert Eugene Garrett a/k/a Jake Eugene Garrett, if such be your finding, then you will find the defendant guilty of Assault With Intent To Do Great Bodily Harm.

"And, unless you find the facts to be as above stated, you are instructed to acquit the defendant of Assault With Intent To Do Great Bodily Harm."

Instruction 5 also stated the authorized range of punishment from a $100.00 fine, three months in the county jail to five years' imprisonment in the custody of the Department of Corrections. Instruction 5 defined "Wilfully" as meaning "intentionally, not accidentally."

The court also gave Instruction No. 6, which was as follows: "The defendant may not be convicted of the offense of Assault with the intent to do great bodily harm unless you find and believe from the evidence beyond a reasonable doubt that the defendant Carroll Eugene Goodman intended to do great bodily harm to Jake Eugene Garrett. Therefore, if you do not find and believe and from the evidence beyond a reasonable doubt that at the time of the alleged assault upon Jake Eugene Garrett the defendant intended to do him great bodily harm you must find the defendant not guilty of the offense of Assault with the Intent to do Great Bodily Harm."

Defendant's only claim of error is that Instruction 5 permits the jury to convict defendant if they find he merely "acted in concert" and does not require proof that he intentionally or knowingly acted in concert with others. Defendant relies on State v. Grebe, Mo.Sup. en banc, 461 S.W.2d 265, and Woolweaver v. State, 50 Ohio St. 277, 34 N.E. 352, 353, cited in the Grebe case. Both cases were submitted on the basis of the defendant being an aider and abetter in an offense committed by another. Woolweaver reversed a conviction for refusal to give an instruction to the effect that to convict the defendant as an aider or abetter it was necessary to find that he committed some overt act with a view to produce the result, or purposely incited or encouraged the principal to do the act. Grebe reversed a conviction of one tried as an aider and abetter of her son who killed a man with a knife. We held the instruction authorizing her conviction prejudicially erroneous because it "did not require the jury to find that appellant *intentionally* aided and abetted Kenneth Grebe in the commission of the act of stabbing." 461 S.W.2d, 1. c. 268. These cases do not apply to this case because defendant herein was not charged as an aider or abetter of anyone.

Defendant was charged with committing the act himself. The information charged that "Carroll Eugene Goodman" (the defendant) "feloniously, wilfully, did make an assault upon Robert Eugene Garrett also known as Jake Eugene Garrett, and did then and there strike, beat, and wound Jake Eugene Garrett in and upon his head, face and body with his hands and feet a means or force likely to produce great bodily harm with intent then and there to do great bodily harm to the said Jake Eugene Garrett." The instructions authorized conviction only on the basis of defendant himself making an assault on Garrett. Furthermore, we note that in Instruction No. 6 and in the definition of "Wilfully" the element on intentional purpose was submitted.

The judgment is affirmed.

PER CURIAM.

The foregoing opinion by LAURANCE M. HYDE, Sp. C., is adopted as the opinion of the court.