The STATE of Missouri, Respondent,

v.

Sherman BOLDEN, Appellant.

No. 56303.

Supreme Court of Missouri,
Division No. 1.

Dec. 13, 1971.

John C. Danforth, Atty. Gen., Jefferson City, Charles B. Blackmar, Special Asst. Atty. Gen., St. Louis, for respondent.

James C. Jones, III, William R. Barnes, St. Louis, for appellant.

SEILER, Judge.

Defendant was convicted by a jury of first degree robbery and sentenced by the court, as the habitual criminal act was charged and found applicable, to sixteen years' imprisonment.

His defense on the facts was that he was present at the scene at 8th and Delmar in St. Louis by happenstance, but was not participating or aiding, when the robbery was committed by another man, Smith, who pleaded guilty and who testified defendant was unknown to him and was not involved at all. However, the state presented evidence that Smith and defendant were together; that they walked directly toward the victim Read, and blocked his passage on the sidewalk; that defendant grabbed the victim, as did Smith, both holding his hands and arms, and that the two of them started going through his pockets; that defendant was trying to remove the wallet from Read's hip pocket, but Smith got it and started to run; that at about this point, a patrolling police cruiser came upon the scene and the offi-cers jumped out and promptly arrested defendant and Smith; that defendant at time of arrest had the wallet. The verdict shows that the jury resolved the factual dispute against defendant.

■ Defendant's argument on appeal is the state's verdict-directing instruction was erroneous because it says nothing about aiding and abetting Smith, which defendant says was the theory on which the state was prosecuting defendant. Instruction No. 3, in the portions here material, authorized conviction if the jury believed beyond a reasonable doubt, that ". . . defendant, acting alone or jointly with another, did . . . rob . . . Read by . . . putting . . . Read in fear . . . and . . . did rob . . . money . . . of . . . Read from the person . . . with the felonious intent . . .", etc.

The court also gave Instruction No. 2, reading: "All persons are equally guilty who act together with a common intent in the commission of a crime, and a crime committed by two or more persons acting jointly is the act of all and of each one so acting", and, at defendant's request, Instruction No. 3-A, reading: "The Court instructs the jury that if you find that defendant did not take any property from Steve Allen Read and that he merely happened to be at the place of a robbery committed by Jerry L. Smith without any intent to perpetrate or participate in any offense, then you will acquit the defendant."

Defendant contends, further, that since the victim, Read, testified the other man, Smith, was the one who took the billfold out of his hip pocket and since this was also what the prosecutor told the jury in his opening statement, then the robbery was perpetrated by Smith; that defendant could be held responsible for Smith's act only if he authorized what Smith did or in some way aided or directed it, but the state's instructions ignored this issue altogether.

The contention cannot be sustained. There was evidence before the jury from which the jury could reasonably find that defendant, acting jointly with Smith, robbed Read, no matter if Smith did actually grab the billfold or if the prosecutor so stated to the jury in his opening statement. The state was not obliged under the charge or the proof to submit the case on the basis that Smith did the robbing and that defendant was only assisting. Defendant denied that he was in any way involved, which issue was submitted to the jury, and the state contended that the two men jointly robbed Read, which issue was also submitted to the jury. It is true that Sec. 556.170, R.S.Mo.1969, V.A.M.S., abolishes the common law distinction between principals in the first degree, accessories before the fact, and principals in the second degree, State v. Spica (Mo.Sup.) 389 S.W.2d 35, and a person may become liable as a principal by aiding or abetting another, State v. Stidham (Mo.Sup.) 305 S.W.2d 7; State v. Spica, supra, but a person may also become liable as a principal by acting with another in the actual commission of the offense, State v. Garton (Mo.Sup.) 371 S.W.2d 283; State v. Arthur (Mo.Sup.) 57 S.W.2d 1061. Whether or not the latter was the situation was the issue before the jury. The state claimed defendant and Smith acted simultaneously together in the physical act of robbery; defendant claimed he had nothing to do with it at all. The issue which defendant argues the state's instructions ignored was therefore not in the case.

Defendant cites State v. Grebe (Mo. Sup.) 461 S.W.2d 265, saying that since it holds it is error in an aiding and abetting charge not to require a finding that the defendant intentionally aided and abetted, it follows that it is error not to submit aiding and abetting at all. Under some circumstances, the conclusion would be sound, but not here where, as stated, the state did not try defendant as an aider and abetter, State v. Goodman (Mo.Sup.) 467 S.W.2d

912, 914, but tried him as a principal with Smith in the robbery of Read.

Judgment affirmed.

HOLMAN, P. J., and FINCH, Alt. J., concur.

BARDGETT, J., not sitting.