**Gary WOOD and Pam Wood, Respondents,**

v.

**Dr. James KRIEGSHAUSER, M.D., Dr. Antonio Santillano, M.D., and Allen Pathology Group, Inc., Appellants.**

**Nos. 61983, 61984.**

Missouri Court of Appeals, Eastern District, Division One.

Feb. 23, 1993.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 24, 1993.

Application to Transfer Denied May 25, 1993.

**575**

Anthony R. Behr, Lawrence J. Hess, St. Louis, for appellants.

Matthew J. Padberg, St. Louis, for respondents.

CRIST, Judge.

Action for medical malpractice in misdiagnosing lung cancer. Appellants (Doctors) appealed the grant of a new trial. The new trial was ordered because five jurors failed to disclose their prior litigation experiences as defendants. In light of the discretion possessed by the trial judge in granting such new trial, there is little question that we must sustain the judgment.

In 1986, Gary Wood (Patient) came under the care of Doctors who diagnosed him with lung cancer. Patient subsequently had part of his lung removed. It was later learned Patient did not have lung cancer, but rather tuberculosis. Patient sued Doctors for medical malpractice.

Trial on the matter began on January 13, 1992, with voir dire of the jury panel. During voir dire, Patient's attorney questioned the jurors about prior claims and lawsuits. He asked:

> Now, unfortunately I can't emphasize the importance of the question I've asked you because it's happened before and it probably will happen in the future where if you don't give accurate responses, even if this is ten, fifteen years ago and it was a little thing but you made a claim, it's important to bring it up now because it can influence things way down the road in a case like this.

> \* \* \*

> I'm going to flip that question around and ask you folks if anybody has ever been sued or somebody made a claim against you, you're driving a car, there was a wreck, somebody blamed you for it and they filed a claim or filed a lawsuit. Has anybody ever been a defendant or had a claim asserted against them in court?

Later, one of Doctors' attorneys cautioned:

> There are times when we go through an entire trial and even though the jurors at the time believed that they had everything, they're telling the truth and they remember everything, if one party loses and that party goes back and finds out that maybe a juror had a lawsuit that was pending or had occurred a few years ago, didn't tell us about it, we may have to start the whole trial over.

The trial ended with a jury verdict in favor of the Doctors on January 21. On February 3, Patient filed a timely motion for new trial alleging he was denied his Constitutional right to an impartial and qualified jury. Patient alleged eight of the twelve jurors during voir dire had failed to disclose information regarding prior claims or lawsuits. The motion was heard, and the trial court determined five of the eight had intentionally failed to disclose prior claims and Patient was thereby prejudiced. The trial court ordered a new trial on April 27.

Doctors' only point on appeal is the trial court erred in granting the new trial because the alleged nondisclosure of the jurors was unintentional and did not prejudice Patient. Each instance of juror nondisclosure is summarized as follows:

### Juror Munoz

Juror Munoz testified at the hearing she was sued on a note by Tri–State Financial Corporation. Judgment was entered for Tri–State and they garnished her wages from 1983 to 1990. Juror Munoz was placed on the venire panel during voir dire, after the questioning concerning prior lawsuits. However, she testified she had been in the room throughout the whole voir dire and remembered the attorneys asking specific questions about prior lawsuits. She

stated she remembered the judgment at trial, but she did not disclose it because she believed it would not influence her. She further stated she did not withhold the information purposely but believed the questions she was asked when she was placed on the panel did not require its disclosure.

### Juror Richardson

Juror Richardson testified he failed to disclose his involvement as a defendant in a collection matter filed by Centerre Bank in 1984. A judgment was entered in the amount of $1,157.58, and he was forced into bankruptcy as a result. He further stated the amount was a large sum of money to him at the time. He stated he failed to disclose the case because he "never thought about it until you mentioned it to me out there."

### Juror Armstead

Juror Armstead failed to disclose her involvement in two prior cases. J.C. Penney sued her for money owed on her charge account in 1984. She was also sued by Northwest Missouri State University in 1991 for $3,045.32 in student loans. She had incurred the student loan debt in the late 70s and the university had been "chasing" her for quite a while. She testified she did not remember the suits during voir dire.

### Juror Watson

He testified he was the defendant in a suit brought by May Department stores for money owed on his Famous Barr charge card in 1989. He stated the case did not come to mind during voir dire.

### Juror Davis

Juror Davis was the named defendant in a lawsuit brought against him in 1985 regarding an automobile accident. He stated he paid somewhere between $800 and $900 out of his own pocket for "property damages." He also stated he was not served with process. Davis further claimed he did not mention the lawsuit because he forgot about it.

Our courts recognize two types of juror nondisclosure: intentional and unintentional. *Tobb v. Menorah Medical Center*, 825 S.W.2d 638, 643[11, 12] (Mo.App. 1992); *Moore v. Jackson*, 812 S.W.2d 240, 243[1, 2] (Mo.App.1991); and *Washburn v. Medical Care Group*, 803 S.W.2d 77, 80[1] (Mo.App.1990). Intentional nondisclosure occurs when "there is no reasonable inability of the juror to comprehend the information sought by the attorneys' questions" and "the juror actually remembers the experience or her forgetfulness is unreasonable." *Moore*, 812 S.W.2d at 243[1]. Unintentional nondisclosure occurs when the matter was insignificant or remote in time or where the juror reasonably misunderstands the question. *Id.* at 243[2]. The determination of whether a nondisclosure is intentional or unintentional is left to the sound discretion of the trial court, and we may only overturn upon a showing of abuse of discretion. *Alexander v. F.W. Woolworth Co.*, 788 S.W.2d 763, 765[1] (Mo.App.1990). If the trial court finds the nondisclosure to be intentional, it may draw an inference of prejudicial impact on Patient's right to a fair trial by an impartial jury. *Id.;* and *Washburn*, 803 S.W.2d at 81[2]. This inference is based on the "totality of the circumstances." *Alexander*, 788 S.W.2d at 766[2]. In examining the totality of the circumstances, a number of factors support the inference of prejudice, including, but not limited to, whether the juror's explanation for nondisclosure was "so lacking in credibility that the inference of bias and prejudice is enhanced." *Id.* at 768[2]; *See also, Washburn*, 803 S.W.2d at 80–81[1, 2].

As to each juror, the trial court found their nondisclosure to be intentional and did infer bias and prejudice to Patient. Because the trial judge is in the unique position of having viewed voir dire and the later examinations of the jurors at the motion for new trial, we may not lightly overturn the trial court's acceptance or rejection of a juror's explanation. *Anglim v. Missouri Pacific R. Co.*, 832 S.W.2d 298, 306–07[23–25] (Mo. banc 1992); and *Alexander*, 788 S.W.2d at 768[2]. Therefore, we afford great deference to its determinations of credibility and prejudice.

Under the totality of the circumstances, we find the trial court did not abuse its discretion in granting a new trial. Five of the eleven jurors who signed the verdict were involved as a defendant in prior litigation. Doctors were defendants in the pending suit. One juror had her wages garnished for about seven years due to a judgment against her. Another juror claimed to have forgotten a judgment entered against him which forced him into bankruptcy seven years ago. Another one forgot a judgment for which the creditor had been chasing her for some time. One forgot a suit in which he paid approximately $900 out of his own pocket and when other members of the venire were mentioning similar suits. *See, Frenette v. Clarkchester Corp.,* 692 S.W.2d 834, 837[2] (Mo.App.1985) (appellate court granted a new trial due to the combined effect of two instances of juror nondisclosure).

Judgment affirmed.

AHRENS, P.J., and REINHARD, J., concur.