Tony GIRRATONO, Appellant,

v.

**KANSAS CITY PUBLIC SERVICE COM-PANY, a Corporation, Respondent.**

No. 44046.

Supreme Court of Missouri.

Division No. 2.

Nov. 8, 1954.

David T. Cavanaugh, Thomas E. Hudson, Hudson & Cavanaugh, Kansas City, for appellant.

Charles L. Carr, Frank J. Rogers, Kansas City, for respondent.

CAVE, Special Judge.

This is a suit for damages for personal injuries tried in the Circuit Court of Jackson County before a jury, resulting in a verdict and judgment for plaintiff in the amount of $25,000. The defendant filed a motion for new trial alleging several grounds of error. The one with which we are particularly concerned at this time is that juror S. Ralph Byrd did not truthfully answer certain questions propounded to the panel on the voir dire examination, and did not make full disclosure regarding certain matters about which he was questioned and wilfully concealed pertinent facts concerning certain damage suits he had filed against other defendants. The motion for new trial was sworn to and certain affidavits and exhibits in support thereof were attached. The trial court also heard oral testimony relative to juror Byrd's qualifications, and sustained defendant's motion for new trial "for the reason that one of the jurors failed to disclose on voir dire examination matters and things about which he was questioned and es-

pecially the fact that he had brought damage suits for himself and his minor son against others, resulting in prejudice to defendant by depriving it of a fair trial."

Plaintiff appealed from this order, and this court has jurisdiction because of the amount involved.

This case has been before this court on a prior appeal and the pleadings and facts are fully discussed in that opinion. We need not restate them here. Girratono v. Kansas City Public Service Co., 363 Mo. 359, 251 S.W.2d 59.

Appellant's principal contention is that the trial court acted arbitrarily and abused its judicial discretion in sustaining the motion for new trial. The essential facts are not in dispute.

On voir dire examination the prospective jurors were asked many questions touching their qualifications, such as their present and past employment; whether they had ever made claim against the defendant or other persons for damages or whether "any of you gentlemen have any claim or have you had any claim, you or any member of your family, against any person, any company, or any partnership, of any kind or nature, claim or suit?" In substance this question was asked several times and some of the jurors answered affirmatively and were excused. Juror Byrd stated that many years prior to the time of the trial he was on a train going to Oklahoma City when the train was derailed and that the company voluntarily refunded his transportation. No claim was made by him. He also stated that in 1924 one of the defendant's streetcars had struck the rear of his automobile, doing a small amount of damage, and that the claim was promptly and satisfactorily settled for a nominal sum, and that such an incident would not cause him to be prejudiced against the defendant. Byrd was retained as a member of the jury, acted as foreman and signed the verdict as foreman.

Thereafter, defendant learned of certain matters which juror Byrd had not divulged on the voir dire examination and at the

hearing on its motion for new trial, developed the following facts: That he had been employed by the Kansas City Southern Railway Company for 13 years prior to 1930, and at the time he left that company he was serving as cashier; that thereafter he had been employed as a department manager for the Jenkins Music Company for 11 years; that in September, 1930, Byrd filed a suit for damages against the Fulton Loan Service, a corporation, for $50,000, alleging that said company had caused his discharge by the Kansas City Southern; that in 1939 juror Byrd, under the name of *Ralph H. Wilson,* filed a suit for damages as father and natural guardian of his minor son against one Kluempers in the Circuit Court of the City of St. Louis, which case was tried in February, 1940. When asked why he had not divulged this information on the voir dire examination, Byrd stated that he had forgotten about those two suits; that he had not recalled such instances until shortly after the instant trial when his brother, who lived in Atchison, Kansas, telephoned him that a representative of the defendant had inquired of the brother concerning the matters, and it was then for the first time that he recalled such suits. When a representative of the defendant undertook to question him about such matters, he declined to discuss the question unless both plaintiff and defendant were represented at such a conference.

Appellant (plaintiff) argues that when a juror *inadvertently* and *unintentionally* fails to disclose a material fact on voir dire examination, such failure alone will not authorize the trial court to set aside the verdict and judgment on that ground. There are cases so holding. However, there is evidence which we must consider in determining whether the trial court could reasonably have found that the juror, intentionally and for the purpose of deceiving the court and the defendant, withheld information which he should have divulged.

Byrd admits that shortly after he left the employment of the Kansas City South-

ern in 1930 he moved to St. Louis, Missouri, and assumed the name of Ralph H. Wilson; that his reason for doing so was that he was a married man and "I was keeping company with a young lady and her parents objected very strenuously to my seeing her and she seeing me. She lived north of Parkville, and I was ordered off the place and told not to return, and so forth. Anyway, we continued seeing each other without their knowledge, and early one morning she came to where I was staying in Kansas City and 'told me that her sisters had found out that she was seeing me and that something terrible was going to happen and so forth. Her father was the old type farmer carrying a shot gun and my wife was very much disturbed and upset. * * * We took a bus and went to St. Louis. We established residence there as man and wife at 4131 Westminster". They lived together under the name of Ralph H. Wilson and Irene Wilson for a period of 8 or 9 years. They had two children, a boy and a girl. He testified that in about 1939, he established a residence in Siloam Springs, Arkansas, and secured a divorce from his lawful wife, who was, at that time, confined as an insane patient at the State Hospital in Nevada, Missouri. He brought that suit in the name of S. A. Byrd. Within four or five days after the divorce he married the woman who had been his companion for 9 years. The marriage license was issued in Ray County, Missouri, in the name of Stanley B. Byrd and he represented that he lived in Kansas City and his bride lived in Parkville, when in fact they had been living together in St. Louis for the past 9 years. At about that time he filed the aforementioned damage suit on behalf of his minor son, which suit was filed in the name of Ralph H. Wilson. Before that case was tried, he and his family moved to Atchison, Kansas, where he went by the name of Stanley Byrd. When the suit filed on behalf of his minor son was tried on February 12, 1940, he was asked:

"Q. What is your name? A. Ralph Wilson.

"Q. Where do you live, Mr. Wilson? A. Atchison, Kansas.

"Q. And where did you live on November 10, 1938? A. 5631 Pershing, St. Louis.

"Q. How long did you live at that address at the time the little boy was injured? A. Oh, about two or two and a half years.

"Q. You are the father of Ralph? A. Richard.

"Q. And known as Ricky? A. That is right."

The result of that suit is not disclosed in this record.

■ As stated above the appellant contends that the mere fact that juror Byrd *inadvertently* and *unintentionally* failed to disclose, on voir dire examination, the two damage suits referred to, would not per se disqualify him as a juror; and that the defendant should have proved it was prejudiced by such failure. Much of appellant's argument is founded on the premise that juror Byrd *unintentionally* failed to divulge the information concerning the two suits because he had forgotten about them. When the above conceded facts are considered, it would tax the credulity of the most naive person to believe that he had merely forgotten about such matters. The trial court was not required to believe the bland statement of Byrd that he had forgotten such suits. All the facts and surrounding circumstances must be considered in determining that issue. A prospective juror is not the judge of his own qualifications. Bass v. Durand, 345 Mo. 870, 136 S.W.2d 988, 990.

■ The basic question here is whether or not the trial court, in sustaining the motion for new trial for the reason assigned, did so in the exercise of a sound judicial discretion and whether or not the exercise of its discretion rests upon a reasonable foundation in fact and upon competent evidence in the record or within the knowledge of the trial court. In considering cases which have discussed this question, it should be kept in mind that a different rule obtains when a motion for new trial has been sustained than when it has been overruled. The appellate courts are more liberal in upholding a trial court's action in sustaining a motion for new trial than in denying it, and the language of the courts in approving the action of a trial court should be read with this distinction in mind. Reich v. Thompson, 346 Mo. 577, 142 S.W.2d 486, 129 A.L.R. 795.

■ The evidence in this case justifies the conclusion that juror Byrd *intentionally* withheld the information concerning the two prior damage suits; and that he had brought one of the suits in an assumed name (Ralph Wilson), and testified under oath that that was his name, when in truth and in fact it was not. This is indicative of an utter disregard of his duty to fairly and honestly answer questions asked on voir dire examination, or to testify truthfully in court. We do not mean to say that the indiscretions of Byrd's private life would, of themselves, disqualify him as a juror, but we do think the indiscretions admitted in this case would indelibly fix certain facts in his mind so that they would not be easily forgotten, although there might be a consuming desire to do so.

■ It seems clear to us that the trial court could find that Byrd *intentionally* failed to divulge information on voir dire examination when it was his duty to do so, and that when all the facts and circumstances are considered, prejudice could be inferred. Prejudice need not be proved by direct evidence but may be inferred from established facts and circumstances which reasonably support such finding. However, appellant argues that the court did not specifically find that the juror *"intentionally"* failed to divulge information when it was his duty to do so. The order sustaining the motion is quoted supra and while the court did not include therein the word "intentionally", nevertheless no other reasonable conclusion can be drawn from the order because the court did find that the defendant was prejudiced as the

result of the juror's failure to answer proper questions, and for that reason sustained the motion.

In support of its contention that the trial court erred in sustaining the motion for new trial, appellant cites: Davis v. Kansas City Public Service Co., 361 Mo. 61, 233 S.W.2d 679; O'Brien v. Vandalia Bus Lines, 351 Mo. 500, 173 S.W.2d 76; Naylor v. Smith, Mo.Sup., 46 S.W.2d 600; Heggeman v. St. Louis Public Service Co., Mo. App., 255 S.W.2d 99; Tyler v. Kansas City Public Service Co., Mo.App., 256 S.W.2d 563; Middleton v. Kansas City Public Service Co., 348 Mo. 107, 152 S.W.2d 154; Piehler v. Kansas City Public Service Co., 357 Mo. 866, 211 S.W.2d 459; and Reich v. Thompson, 346 Mo. 577, 142 S. W.2d 486, 129 A.L.R. 795.

In the Davis, O'Brien, Naylor, Tyler, Middleton and Piehler cases, the trial court had overruled the motion for new trial. It would serve no useful purpose to distinguish those cases from the instant one, but we have read and considered them and they are distinguishable on the facts. However, they all recognize the fundamental proposition that the right of trial by jury guaranteed by our Constitution, if it is to be worth anything, must mean, the right to a fair and impartial jury; and that a party is entitled, unless he waives it, to a jury of twelve impartial, qualified men. Even though three-fourths of them can decide a civil case, parties are entitled to have that decision, whether for them or against them, based on the honest deliberations of twelve qualified men; and it is the duty of a juror on voir dire examination to fully, fairly and truthfully answer all questions directed to him so that challenges may be intelligently exercised, and the juror's intentional concealment of a material fact may compel the granting of a new trial. Piehler v. Kansas City Public Service Co., supra.

Appellant also contends that the trial court arbitrarily abused its discretion in sustaining the motion for new trial because under all the evidence he was clearly entitled to a verdict, and that this court has control over the amount of the verdict and should approve a verdict and judgment for a *proper amount*. He cites Webb v. Missouri-Kansas-Texas R. Co., 342 Mo. 394, 116 S.W.2d 27. In that case the trial court had ordered a very substantial remittitur and overruled the motion for new trial. This court said that there was *no question of liability* and for that reason refused to reverse the action of the trial court. In the instant case, it cannot be said that there is *no question of liability*. In fact, that is a live and hotly contested issue. In the Webb case we said, 116 S.W.2d 29: "Where there is a dispute as to liability, and an objectionable juror is permitted to try the case, it is difficult to conceive how that could be harmless error, unless waived by the losing party, even though there be a unanimous verdict." Under the state of the record we do not see how this court can or should undertake the task of arriving at a fair and just verdict and judgment for the plaintiff.

Respondent urges that its motion for new trial should have been sustained because of errors in certain instructions and that the verdict is excessive. Since this case must be retried, we will not anticipate that such alleged errors will arise.

It follows from what we have said that the order of the trial court sustaining the motion for new trial should be affirmed. It is so ordered.

LEEDY, Acting P. J., ELLISON, J., and ANDERSON, Special Judge, concur.