Geneva Pearl MADDOX, Plaintiff-Appellant,

v.

Robert VIETH et al., Defendants-Respondents.

No. 23731.

Kansas City Court of Appeals. Missouri.

June 3, 1963.

W. F. Daniels, Fayette, for appellant.

Hale Houts, Houts, James, Randall, Hogsett & McCanse, Kansas City, for respondents.

SPERRY, Commissioner.

This is an appeal from an order and judgment granting a new trial.

Plaintiff sued defendant for damages because of personal injuries, and to property. He had a verdict and judgment for $9500.00. Upon motion it was set aside and a new trial ordered because of the failure of one of the jurors composing the panel to answer a question directed to the entire panel as follows: "Ladies and gentlemen of the jury, have any of you ever had a damage suit? A claim in damages? Have any members of your family ever had any claims for damages?" One juror answered in the affirmative and another stated that she had such a case coming up for trial. Juror Taylor remained silent.

It is conceded that Mr. Taylor's sister then had a damage suit pending in that same court, wherein counsel for plaintiff in the instant suit was her attorney. On the hearing on the motion, neither party offered any evidence or affidavits. It is plaintiff's position that the court must have one or the other upon which to base a judgment ordering a new trial.

■ The basic question in reviewing an action of this kind is whether or not the trial court, in sustaining the motion for new trial for the reason assigned, did so in the exercise of a sound discretion and whether that discretion rests upon a reasonable foundation in fact and upon competent evidence in the record *or within the knowledge of the trial court*. The appellate courts are more liberal in upholding a trial court's action in sustaining a motion for new trial than in denying it. Girratono v. Kansas City Public Service Company, Mo., 272 S.W.2d 278, 279.

It was said in Woodworth v. Kansas City Public Service Company, Mo., 274 S.W.2d 264, 270, that the court may rule a motion of this kind upon hearing evidence or upon affidavits. But it should not be necessary to base it on either if the court has personal knowledge of the facts, or if they be conceded.

■ In Piehler v. Kansas City Public Service Company, 357 Mo. 866, 211 S.W.2d 459, 463, the court held that the right to a trial by jury means the right to a trial by a fair and impartial jury of 12 men. Even though the issue may be decided by three fourths of the jury, a litigant is entitled to the deliberations of 12 qualified men. Lee v. Baltimore Hotel Co., 345 Mo. 458, 136 S.W.2d 695, 698, 127 A.L.R. 711.

If Taylor had spoken the truth, instead of remaining silent, he may or may not have been challenged. But defendant had a right to know the fact regarding his sister's litigation. From that fact it would likely have developed by questioning that counsel for plaintiff herein was also her attorney. It is highly probable that Taylor would have been challenged. But, in any event, defendant was entitled to know the facts. Brady v. Black and White Cab Co., Mo. App., 357 S.W.2d 720, 725.

■ The court saw and heard the voir dire examination. Two members of the panel gave information regarding damage suits of themselves or members of their families. The court was in a position to judge whether or not Taylor heard and understood the question, and needed no additional evidence on the point. The court found the fact to be that he intentionally withheld the information. In fact, plaintiff does not contend that juror Taylor did not hear and understand, only that there must be testimony or affidavits in support of these facts. Taylor's testimony was not offered by plaintiff. Plaintiff's counsel virtually admits that Taylor heard and understood but argues that it was not prejudicial. Bias and prejudice on the part of a juror may be inferred from his intentional concealment of vital information on voir dire examination. Girratono v. Kansas City Public Service Company, Mo., 272 S.W.2d 278, 281; Triplett v. St. Louis Public Service Company, Mo.App., 343 S.W.2d 670, 673.

■ The court stated in his memorandum opinion herein that the judgment was excessive. That alone would indicate bias and prejudice. The trial court has broad discretion in such matters and unless there is an abuse of discretion the judgment will be affirmed. We find no abuse of discretion.

The order sustaining the motion for new trial is affirmed.

MAUGHMER, C., concurs.

PER CURIAM.

The foregoing opinion of SPERRY, C., is adopted as the opinion of the court.

All concur.