Elaine SADLON, a Minor, by John E. Sadlon, Her Next Friend, Plaintiff-Respondent,

v.

Edward J. RICHARDSON et al., Defendants-Appellants.

Nos. 31583, 31584.

St. Louis Court of Appeals. Missouri.

Sept. 15, 1964.

Rehearing Denied Oct. 13, 1964.

McDonald, Barnard, Wright & Timm, Walter F. Timm, James E. McDaniel, Evans & Dixon, John C. Shepherd, Paul V. Gilbert, St. Louis, for defendants-appellants.

Koenig, Dietz & Siebels, Leonard A. Siebels, William L. Mason, Jr., St. Louis, for plaintiff-respondent.

JAMES D. CLEMENS, Special Judge.

This damage suit arose out of an intersectional collision between the two defendants' automobiles. The plaintiff was a passenger of defendant Tacony, and he appeals from a $12,000 verdict and judgment. The verdict was in favor of defendant Richardson, but the trial court set aside that part of the verdict as being against the weight of the evidence. The court then granted plaintiff a new trial as to defendant Richardson, on the issue of liability only, and he also appeals.

Defendant Tacony first complains that the trial court erred in not granting him a new trial for misconduct of a prospective juror in failing to truthfully answer a voir dire question about a prior claim for injuries. The jury panel was asked if there was anybody on the panel who either for himself, or a close member of his family, including brother or sister or husband or wife or some child, had ever been involved in an automobile accident and received injuries and made any claim. One of the prospective jurors, Mr. Lagerman, discussed a claim for his son which arose out of an automobile accident, and he also discussed a claim for his wife in another automobile accident. Then counsel asked: "Thank you, Mr. Lagerman, for speaking up. Is there anyone else? * * * I assume from your silence Mr. Lagerman is

the only one who has had any such experience." One of the prospective jurors, a Mr. Kolasch, had made a claim for personal injury, which resulted from an automobile accident on September 13, 1960, but he failed to say anything about it. Mr. Kolasch was accepted as a juror, and joined in the verdict. Defendant Tacony complained of this in his motion for a new trial. The trial judge requested another judge to conduct a hearing, and juror Kolasch testified. Admittedly, two years before the trial he had been seated in his employer's truck when it was struck from the rear. He received a neck strain, had X-rays taken and went to a doctor two or three times. He made a claim for this injury. He received $250, and signed two documents captioned "Release of All Claims" and also joined his employer in signing a similar document for damage to the truck. Mr. Kolasch's employment was that of a freight claims adjuster. At the hearing Mr. Kolasch said he did not remember the question about any claim he may have made. He also said he did not mention his claim because he had forgotten about it. A transcript of this hearing was referred to the trial judge. Thereafter, defendant Tacony's motion for a new trial was denied.

Plaintiff contends that we should not consider the post-trial testimony of Mr. Kolasch because of the rule that testimony of a juror may not be received to contradict or destroy a verdict, citing Brady v. St. Louis Public Service Co., 361 Mo. 148, 233 S.W.2d 841(1). We accept the rule, but it is limited to matters inherent in the verdict, such as the juror's understanding of an inquiry by the trial court during the jury's deliberations, as in the Brady case. See 66 C.J.S. New Trial § 169c. Here the testimony of juror Kolasch was offered as to the verity of his examination on voir dire, not to impeach the verdict. The rule has no application here, and we will consider the juror's testimony, just as trial and appellate courts have done in each of the cases hereafter cited.

The law concerning truth of prospective jurors' answers to questions on voir dire was summarized by this court in the case of Triplett v. St. Louis Public Service Co., Mo.App., 343 S.W.2d 670, 1. c. 672–673: "* * * The right of trial by jury guaranteed by our Constitution, if it is to be worth anything, must mean the right to a fair and impartial jury. * * * In the final analysis, therefore, the question of what result should follow the failure of a juror to correctly answer a question touching his qualifications depends upon whether or not he was guilty of an intentional concealment. Primarily, the determination of that question must be left to the sound discretion of the trial court. Reich v. Thompson, 346 Mo. 577, 142 S.W.2d 486, 129 A.L.R. 795. Nevertheless, the exercise of such a discretion is subject to judicial review, and if an appellate court concludes from the record that an abuse of discretion unmistakenly appears, it is its duty to reverse the ruling. * * *"

Two comparable cases have been cited in which new trials were denied. In each the court approved the principles quoted in the Triplett case, supra. In both Barb v. Farmers Insurance Exchange, Mo., 281 S.W.2d 297(4, 5), and Mantz v. Southwest Freight Lines, Inc., Mo., 377 S.W.2d 414 (1–4), the voir dire questions regarding "claims" asked of the prospective jurors were not definite. On appeal, it was held that each trial court was justified in finding that the prospective juror did not understand what was expected of him and did not intentionally conceal the desired information.

Three comparable cases have been cited in each of which the trial court denied a new trial, but was reversed on appeal. In these cases also the quoted principles from the Triplett case, supra, were followed. In each of the cases Triplett v. St. Louis Public Service Co., supra; Brady v. Black & White Cab Co., Mo.App., 357 S.W.2d 720, and Piehler v. Kansas City Public Service Co., 357 Mo. 866, 211 S.W.2d 459, there was a definite voir dire question as to prior claims. In each, a juror had made a claim for injuries that called for an affirmative answer, but remained silent or answered in the negative. And, in each case the appellate court ruled that there had been an intentional concealment of a material fact, and that the trial court had abused its discretion in denying a new trial.

Here, we will follow the above quoted principles, as they were applied in the five cases last cited. We will, however, make one departure. The rule that on appeal we should give deference to the trial court's finding of fact, Rule 73.01(d), V.A.M.R., is hardly applicable here. That rule is based on the trial court's better opportunity to observe the demeanor and appraise the mentality of witnesses. Herzog v. Ross, 358 Mo. 177, 213 S.W.2d 921(6); Spitcaufsky v. Guignon Real Estate Co., Mo., 321 S.W. 2d 481(12); Davis v. Ashlock, Mo., 338 S.W.2d 816(3); and see 5A C.J.S. Appeal and Error § 1656(3). Here, the post-trial hearing was conducted by another judge, and the trial judge had only a transcript of that hearing, as do we. So, are in equally as good a position to assess the evidence adduced there. The ultimate issue for us to determine is whether there was an intentional concealment of a material fact by the prospective juror, and whether defendant Tacony was prejudiced thereby.

The voir dire question here was clear. The panel was asked if any of them "had ever been involved in an automobile accident and received injuries and made a claim." Just two years before, Mr. Kolasch had been involved in an automobile accident, he had received injuries, and he had made a claim. The preceding prospective juror, Mr. Lagerman, had responded by relating two claims for injuries arising from automobile accidents. The other members of the panel were then given another opportunity to respond, but Mr. Kolasch said nothing. The nature of his employment, that of a freight claims adjuster, would indicate that Mr. Kolasch understood what a

"claim" was. We hold that the question would indicate to the mind of a fair and reasonable man what information the examining counsel sought to elicit, and that to rule otherwise would be a mockery of the prospective jurors' solemn oath and duty to respond truthfully to pertinent questions touching upon his qualifications. Brady v. Black and White Cab Co., supra, (4). Then, at the post-trial hearing, Mr. Kolasch gave a double tongued explanation for not answering; that he did not remember the question having been asked, and that he had forgotten about his claim. From all this we can but conclude that there was a deliberate concealment of material information touching the prospective juror's qualifications. Thereby, defendant Tacony was deprived of his right to make further inquiry to determine whether Mr. Kolasch's accident, injuries and claim would prejudice him as to a fair trial, and precluded defendant Tacony from intelligently exercising his peremptory challenges. The liability here was closely contested, and it follows that the error was prejudicial. Mantz v. Southwest Freight Lines, supra, (1), and Piehler v. Kansas City Public Service Co., supra, (7). Defendant Tacony is entitled to a new trial.

We pass now to defendant Richardson's appeal. As stated, he had a favorable verdict but the trial court set aside that part of the verdict as being against the weight of the evidence. The court then granted plaintiff a new trial as to defendant Richardson on the issue of liability only. The plaintiff's $12,000 judgment against the defendant Tacony was ordered held in abeyance pending a re-determination of defendant Richardson's liability. On this appeal, defendant Richardson does not quarrel with the trial court's general right to grant a new trial on the ground that the verdict was against the weight of the evidence. His complaint is that there has been no $12,000 damage verdict against him, and that if he must stand a new trial, it should be on both issues of liability and damages. Plaintiff contends to the contrary, saying that the

amount of her damages has been fully litigated without claim of error, and that Richardson is bound by that part of the verdict if he is found liable on a new trial. We need not decide these contentions. Both contentions are premised on the validity of the verdict as to defendant Tacony. But, the verdict of liability and damages against defendant Tacony was tainted by the prospective juror's conduct, so both issues must be re-determined by a jury on a new trial. It follows that as to defendant Richardson, there has been no valid verdict as to plaintiff's damages and that issue is still open. For that reason defendant Richardson is entitled to have the new trial on both issues of liability and damages.

The judgment is reversed, and the cause is remanded for a new trial as to both defendants on all issues.

RUDDY, P. J., and WOLFE, J., concur.

ANDERSON, J., not participating.