Sharon **RODENHAUSER**, Plaintiff-Appellant,

v.

Paul W. **LASHLY**, Defendant-Respondent.

No. 56091.

Supreme Court of Missouri, Division 1.

June 12, 1972.

---

James F. Koester, Jack Egel, St. Louis, for plaintiff-appellant.

Evans & Dixon, Eugene K. Buckley, St. Louis, for respondent.

HOLMAN, Presiding Judge.

Plaintiff sued defendant for personal injuries. In Count One of the petition plaintiff sought actual and punitive damages for back injuries she sustained when defendant is alleged to have wilfully and maliciously struck her. In Count Two plaintiff sought actual damages for the back injuries and alleged that defendant negligently struck her. The jury awarded plaintiff $10,200 actual and $11,000 punitive damages on Count One, and returned a verdict in favor of defendant on Count Two.

The trial court sustained defendant's motion for a new trial because of misconduct of three jurors in failing to truthfully answer questions asked on voir dire. Plaintiff has appealed. We have jurisdiction because at the time the notice of appeal was filed (August 29, 1970) we had jurisdiction where the amount in dispute exceeded $15,000. See § 477.040.[1] The issue on this appeal is whether the trial court abused its discretion in granting the new trial.

During the voir dire examination counsel for defendant asked the panel: "Let me ask you, if you will, to raise your hand, those of you who have ever brought a suit for personal injuries, or received any money for personal injuries you had, or any close member of the family with that experience." Several veniremen responded affirmatively. Among them was Willie Smith who later became foreman of the jury. Mr. Smith was asked how the claim happened, and replied, "A guy ran into the back of my car when I was parked. MR. BUCKLEY: And were you hurt? MR. WILLIE SMITH: Bruised, both knees. MR. BUCKLEY: Did you receive some money for that? MR. WILLIE SMITH: (Indicating yes)." One of the veniremen questioned before Mr. Smith had been asked if the fact that he had previously suffered a back injury would cause him to favor the plaintiff who also claimed a back injury in this suit. Later, in the voir dire examination, defendant's attorney asked the panel, "I'd like to know whether any of you have ever had any injury to your back or pain in your back. I don't mean just one morning's pain, but I mean something that bothered you for some, at least a short period of time." Juror Smith did not respond to this question, although it was subsequently brought out at the hearing on the motion for new trial that the injuries he had sustained in the accident he had referred to were more extensive than just "bruised knees." An injury to Mr. Smith's back was among the other injuries. At the

---

1. Statutory references are to RSMo 1969, V.A.M.S.

post-trial hearing Mr. Smith testified that he had sustained a back and neck injury and that he thought he had mentioned it. Mr. Smith received a settlement of $1,900 for bodily injuries in connection with that claim.

Another juror, Marie Sikorski, failed to respond to the question concerning previous claims, although the question was asked several times and the court explained to the jury what was meant by the word "claim." Plaintiff's attorney told the jurors that the failure to divulge a claim could result in the jury verdict being set aside. Mrs. Sikorski testified at the hearing on the motion for new trial that she had had two claims about eight years previously. She did not mention them because she thought the question referred to claims "within a year or so." She testified that she worked nights and was sleepy at the time of the voir dire questioning and did not hear the question the court asked about claims "during your lifetime."

A third juror, Rilma Freiner, failed to mention any of five of her husband's workmen's compensation claims, although other jurors testified concerning workmen's compensation claims, and defendant's attorney stated, "I mean to include those." Mrs. Freiner also neglected to state that she and her husband had personal injury claims pending as a result of an automobile accident which occurred about six weeks prior to trial. Mrs. Freiner had indicated that her son and daughter-in-law had personal injury claims resulting from the accident and that she and her husband were in the automobile at the time of the accident. She did not state, however, that she and her husband had employed a lawyer to represent them in claims arising out of the accident, nor that they had consulted a physician with respect to their injuries. She also failed to mention that both she and her husband had complained to the attorney that they had pains in their lower back. At the post-trial hearing Mrs. Freiner's explanation of the omission was as follows: She and her husband had gone as

witnesses to talk to her son's lawyer. After er discussing the situation with him they decided to have him represent them also, and had signed a contract authorizing him to do so. However, at the time of the voir dire examination they had not received the report from the physician and she did not think they had a claim.

Plaintiff contends that the failure of the three jurors to disclose the matters set forth above was unintentional and that an unintentional withholding of information is not grounds for a new trial. There are cases where the trial court found an unintentional concealment which so hold. Dalton v. Kansas City Transit, Inc., Mo.Sup., 392 S.W.2d 225. Jurors Smith and Freiner had disclosed other claims during the voir dire examination. Plaintiff argues that these disclosures indicate that their concealments were unintentional and that Juror Sikorski's concealment was based on a misunderstanding of the question and a failure to hear the questions. Plaintiff therefore maintains that there is no evidence in the record that the concealments were intentional. In support of her contention plaintiff points out that the trial court did not make a specific finding of fact that the concealments were intentional. The order granting defendant a new trial reads, in part: "In the following cases, based on the facts of jurors' misconduct similar to the facts in the case at bar, the appellate courts have held that failure of the trial court to grant a new trial was an abuse of discretion. Sadlon v. Richardson, Mo.App., 382 S.W.2d 9; Piehler v. Kansas City Public Service Co., [357] Mo. [866], 211 S.W.2d 459; Brady v. Black and White Cab Co., Mo.App., 357 S.W.2d 720; Triplett v. St. Louis Public Service Co., Mo.App., 343 S.W.2d 670; and Dalton v. Kansas City Transit, Inc., Mo. 392 S.W.2d 225. * * * Defendant's motion for a new trial heretofore submitted sustained on grounds Nos. 54, 55, 58–b and 59."

Plaintiff contends that the cited cases do not apply to the present case because in all those cases there was a finding that the

failure to disclose information was intentional, and that there is no such finding in this case. Thus, she contends that the trial court abused its discretion and based its decision on an inadequate finding of fact. Plaintiff also contends that the undisclosed items were unrelated to the facts of this case and could not be the basis of any bias on the part of the jurors involved.

■ Plaintiff concedes that a party is entitled to a trial by twelve impartial qualified jurors. As the court stated in Piehler v. Kansas City Public Service Co., 357 Mo. 866, 211 S.W.2d 459, 463, " 'The right of trial by jury guaranteed by our Constitution, if it is to be worth anything, must mean, as this court has said, "the right to a fair and impartial jury." * * * Certainly also a party is entitled, unless he waives it, to a jury of twelve impartial qualified men. Even though three-fourths of them can decide a civil case, parties are entitled to have their decision, whether for them or against them, based on the honest deliberations of twelve qualified men.' "

■ We are of the opinion that the plaintiff's contentions are without merit and that there was no abuse of discretion in the granting of a new trial. Although the order sustaining defendant's motion for a new trial, set forth above, did not include the word *intentionally,* it is clear that the court found that the concealments were intentional and prejudicial. The order notes that the jurors' misconduct was similar to that in the cited cases. In those cases the jurors' misconduct was found to be intentional. Further, the order states that the new trial was granted on the basis of certain paragraphs in defendant's motion for new trial. Those paragraphs allege untruthful answers, misconduct, and prejudice to the defendant. It is not necessary that the order contain the word *intentionally* where no other reasonable conclusion can be reached. Girratono v. Kansas City Public Service Co., Mo.Sup., 272 S.W.2d 278, 281. And, it is our further duty to determine if there was a logical basis for the court's finding that the concealment was intentional. Rinkenbaugh v. Chicago, R. I. & P. R. Co., Mo.Sup., 446 S.W.2d 623.

■ It has often been said that appellate courts are more liberal in upholding the trial court's action in sustaining a motion for new trial than in denying it. Woodworth v. Kansas City Public Service Co., Mo.Sup., 274 S.W.2d 264; Triplett v. St. Louis Public Service Co., Mo.App., 343 S.W.2d 670. We note that the cases which plaintiff cites to support her contention are not strictly applicable to the situation before us because in each case the trial court overruled the motion for new trial. The instant trial judge heard both the voir dire examination and the jurors' testimony at the post-trial hearing. He was able to observe the attitude and demeanor of the jurors on both occasions and was in an advantageous position to determine if the concealments were intentional and prejudicial. He was not bound to accept the jurors' exculpatory testimony as true. Headrick v. Dowdy, Mo.Sup., 450 S.W.2d 161; Brady v. Black and White Cab Co., Mo. App., 357 S.W.2d 720. Although prejudice need not be proved by direct evidence but may be inferred from the facts and circumstances which reasonably support such finding, Girratono v. Kansas City Public Service Co., Mo.Sup., 272 S.W.2d 278, 281, it is noteworthy that the injury to the plaintiff was a back injury, and that two of the jurors had previous claims for back injuries which they did not disclose. The trial court was apparently convinced that the jurors' conduct amounted to deception and that the defendant was thus deprived of a fair trial. That finding was supported by the evidence and we defer to the findings of the trial court in that regard. It is apparent that defendant's counsel was handicapped in the exercise of his peremptory challenges through the failure of the jurors to disclose the facts heretofore set forth. Headrick v. Dowdy, Mo.Sup., 450 S.W.2d 161, 166; Sadlon v. Richardson, Mo.App., 382 S.W.2d 9, 12.

Plaintiff also asks this court to re-examine the law relating to the question as to when a complaining party is deemed to have waived his objection in regard to prior claims of jurors not disclosed on voir dire examination. Plaintiff concedes that the present rule in this state requires that actual knowledge be shown on the part of the complaining party before the objection is deemed to have been waived. Piehler v. Kansas City Public Service Co., 357 Mo. 866, 211 S.W.2d 459, 463. Plaintiff contends that this permits counsel to ignore readily available information during trial and thus "sandbag" the court and opposing parties with the hope of obtaining a favorable verdict. Plaintiff argues that the records of prior claims are readily available to counsel within 48 hours through a Claims Indexing Bureau, and that failure to take advantage of the service and bring the matter to the court's attention prior to the motion for new trial should result in waiver of the objection.

■ There is nothing in the record to support plaintiff's suggestion that the claims information was readily available to defendant's counsel and that defendant was "sandbagging." We also note that the cases which plaintiff cites as authority from other jurisdictions concern situations where there was actual knowledge, or where the records of the claims were in the files of the complaining party or his counsel rather than the situation where they were available through an outside service. The contention is without substance and is accordingly ruled adversely to plaintiff.

The order of the trial court sustaining the motion for new trial is affirmed and cause remanded.

SEILER, J., and SEMPLE, Special Judge, concur.

BARDGETT, J., not sitting.

