DON SHRUM, INC., et al., Appellants,

v.

VALLEY MINERAL PRODUCTS
CORPORATION, a corporation,
Respondent.

No. 60286.

Supreme Court of Missouri,
En Banc.

March 13, 1978.
Rehearing Denied April 10, 1978.

Geoffrey L. Pratte, Roberts & Roberts, Farmington, for appellants.

W. Munro Roberts, Jr., Jay G. Newquist, Roberts, Heneghan & Coffelt, Inc., St. Louis, David L. Colson, Colson & Wagner, Farmington, for respondent.

DONNELLY, Judge.

Plaintiffs filed a private nuisance suit seeking injunctive relief and damages. They alleged that defendant's operation of its quarry and kiln was causing an excessive amount of dust to settle over their properties, and that this dust, when combined with the water of a dew or light rain, produced a caustic mixture which hardened into a mortar-like substance and was difficult to remove. Plaintiffs tried their case on the damage issue alone. The jury found for defendant. Plaintiffs sought a new trial and it was denied. They appealed to the St. Louis District of the Court of Appeals

where the judgment was affirmed. The cause was then transferred here by order of this Court.

The determinative question on this appeal is: when intentional concealment by a juror on *voir dire* examination is asserted by a party, must proof of such asserted concealment be made by testimony from the juror whose concealment is at issue at a hearing on a motion for new trial, or may intentional concealment be shown by the circumstances in evidence in the particular case?

During the *voir dire* examination of prospective jurors, the following transpired:

"Are any of you acquainted with, or related by blood or marriage, with Mr. Ben Donnell, who is an officer of that company?

"MRS. VAN TAYLOR: I'm acquainted with him, but—

"MR. R. R. ROBERTS: Okay. Do you think that would affect your judgment in this case in any way, Mrs. Van Taylor?

"MRS. VAN TAYLOR: No.

"MR. R. R. ROBERTS: Just not a close friendship? Just a close acquaintanceship, would you say?

"MRS. VAN TAYLOR: (Nodding her head.)

"MR. ROBERTS: Okay, thank you."

Juror C. A. Ledbetter did not respond to counsel's question. He sat as a juror in the case and signed the verdicts which found the issues in favor of the defendant.

In support of their motion for new trial, plaintiffs filed affidavits in which each affiant stated as follows: " . . . that following the jury's returning of a verdict in the case of *Don Shrum Inc., et al., v. Valley Mineral Products Corporation*, Cause No. 23,869, he was present in the Courtroom when Juror Ledbetter, who served on the jury in said cause, walked up to defendant's vice president, Ben Donnell, extended his hand to shake hands and said words to the effect: Ben, how have you been. It's good to see you. And that the said Vice President Ben Donnell addressed said juror Ledbetter by his first name and said: We can talk now. And that thereafter [they] engaged in a conversation on first name basis and made reference to their prior acquaintanceship and knowledge of one another's families."

We note the following applicable statements of law:

In *Lee v. Baltimore Hotel Co.*, 345 Mo. 458, 463, 136 S.W.2d 695, 698 (1939), Division No. 1 of this Court said:

"The right of trial by jury guaranteed by our Constitution, if it is to be worth anything, must mean, as this court has said, 'the right to a fair and impartial jury.'"

In *Woodworth v. Kansas City Public Service Company*, 274 S.W.2d 264, 270, 271 (Mo.1955), Division No. 1 of this Court said:

" . . . It is the duty of a venireman on voir dire examination to fully, fairly and truthfully answer all questions, so that challenges may be intelligently exercised, and the venireman's intentional concealment of a material fact may require the granting of a new trial. . . ."

In *Robbins v. Brown-Strauss Corp.*, 363 Mo. 1157, 1165, 257 S.W.2d 643, 647 (1953), Division No. 1 of this Court said:

"It has been written that the qualification of a juror should be determined before the trial begins; that such qualification is a matter of exception; and that the parties must develop such information and take such exceptions, as they desire to preserve for appellate review, before the jury is sworn. *Massman v. Kansas City Public Service Co.*, Mo.Sup., 119 S.W.2d 833, and cases therein cited; Section 494.050 RSMo 1949, V.A.M.S. An exception is made to this rule so that where it is shown that matters which might establish prejudice or work a disqualification were actually gone into on the *voir dire*, and false answers were given, or deception otherwise practiced, the court will be permitted to consider the question on the motion for a new trial, either upon oral testimony taken at a hearing on the motion, or by affidavits. Such a situation is closely akin to that when a new trial is sought for newly

discovered evidence. The 'complaining party is not to be left without a remedy for the want of a prior objection and exception when the disqualification of the juror was one which he by due diligence could not have learned sooner.' *Harding v. Fidelity & Casualty Co. of New York,* Mo.App., 27 S.W.2d 778, 779; *Massman v. Kansas City Public Service Co.,* supra."

In order to find an intentional concealment on *voir dire* examination, it must be demonstrated that the juror heard and understood the question asked him. *Brady v. Black and White Cab Co.,* 357 S.W.2d 720, 725 (Mo.App.1962). It must be demonstrated that the juror *knew* what was being asked him. Ideally, this knowledge on the part of the juror would be shown by *his* stating at a hearing on a motion for new trial, or by affidavit, that he heard and understood the question. Cf. *Beggs v. Universal C. I. T. Credit Corp.,* 387 S.W.2d 499 (Mo. banc 1965); and *Triplett v. St. Louis Public Service Company,* 343 S.W.2d 670 (Mo.App.1961). However, as a practical matter, such knowledge ordinarily must be shown by the circumstances in evidence. Circumstantial evidence is usually the only means available of proving knowledge; and knowledge may be proved by circumstantial evidence.

In *Herrman v. Daffin,* 302 S.W.2d 313, 316 (Mo.App.1957), the Court said:

"Knowledge may be proved by circumstantial evidence as well as by direct evidence. But the circumstances must be such that the necessary fact may be inferred therefrom and must reasonably follow, so that the conclusion so reached is not the result of guesswork, conjecture or speculation, and such evidence must 'have a tendency' to exclude every other reasonable conclusion."

We hold that when intentional concealment by a juror on *voir dire* examination is asserted by a party, proof of such concealment may be shown by the circumstances in evidence.

The question then narrows in this case to whether the circumstances in evidence show an intentional concealment under the *Herrman* test. We believe that they do. We must conclude from the interchange counsel had with Mrs. Van Taylor that Juror Ledbetter heard and understood counsel's question. We believe he intentionally concealed the fact that he was acquainted with Mr. Donnell. Plaintiffs were deprived of an impartial jury. They are entitled to a new trial.

We recognize that the granting of a new trial in this type of situation is ordinarily discretionary with the trial court. *Lee v. Baltimore Hotel Co.,* supra. However, in this case where the evidence is uncontradicted that Juror Ledbetter was in fact acquainted with Mr. Donnell and it is conclusively demonstrated by the circumstances that he intentionally concealed such acquaintanceship, we must hold the trial court abused its discretion in failing to grant plaintiffs a new trial.

The judgment is reversed and cause remanded for new trial.

MORGAN, C. J., HENLEY, FINCH and SEILER, JJ., and HOUSER, Special Judge, concur.

BARDGETT, J., dissents in separate dissenting opinion filed.

RENDLEN, J., not sitting.

BARDGETT, Judge, dissenting.

I respectfully dissent and am in general agreement with the court of appeals resolution of the issue addressed by the principal opinion. The court of appeals said:

"Plaintiffs' first issue concerns the alleged failure of a juror to reveal his friendship with an officer of defendant corporation. Plaintiffs Don Shrum and L. J. Miller filed affidavits with the trial court swearing that they saw Mr. Ledbetter, a juror, conversing as an old friend with Mr. Ben Donnell, defendant's vice-president, in the courtroom after the jury was dismissed.

"Plaintiffs properly contend that the intentional concealment of such facts will give rise to an inference of bias and prejudice. *Snavely v. Kansas City Terminal Ry.*

*Co.*, 461 S.W.2d 1, 4 (Mo.1970). Plaintiffs are also correct in their assertion that where it is shown that a matter which might establish prejudice was actually gone into on voir dire and false answers were given, the trial court will be permitted to consider the question on a motion for a new trial. *Woodworth v. Kansas City Public Service Co.*, 274 S.W.2d 264, 270 (Mo.1955). It is not controlling that the question as to possible prejudice is one to the panel generally rather than to the individual juror, so long as the juror hears and understands it. *Beggs v. Universal C. I. T. Credit Corp.*, 387 S.W.2d 499, 503 (Mo. banc 1965).

"The record before us, however, contains nothing to show that such intentional concealment took place. During the voir dire examination both plaintiffs' and defendant's attorneys asked if anyone was personally acquainted with the officers of defendant corporation or if there was any factor which might affect the juror's judgment. But the record contains no evidence that the juror heard or understood the questions. Nothing in the record shows that the plaintiffs called the juror to testify at the motion for new trial or that they presented his affidavit to the court. The only evidence of this alleged concealment was the two affidavits of the plaintiffs. In all of the cases to which plaintiffs have directed our attention, the juror whose concealment was at issue was called and testified at the hearing on the motion for new trial. While the affidavits of plaintiffs were sufficient to require the trial court to hear oral evidence, *Schierloh v. Brashear Freight Lines*, 148 S.W.2d 747 (Mo.1941), they are not evidence that a concealment took place. The record before this court contains no mention of any attempt to introduce any evidence of such a concealment at the hearing. An unintentional failure to disclose information not directly connected with the case does not necessarily show prejudice on the part of a juror so as to call for a new trial. *Triplett v. St. Louis Public Serv. Co.*, 343 S.W.2d 670, 673 (Mo.App. 1961).

"The general rule is that the determination of whether there was any intentional concealment will be left to the sound discretion of the trial court. *Triplett, supra,* at 673; *Knowles v. Goswick,* 476 S.W.2d 563, 564–565 (Mo.1972), and an appellate court will not reverse unless an abuse of discretion appears from the record. *Triplett, supra,* at 673; *Knowles, supra,* at 565. From the record before us we can find no such abuse."

The principal opinion states the issue to be: when intentional concealment by a juror on voir dire examination is asserted by a party, must proof of such asserted concealment be made by testimony from the juror whose concealment is at issue on a motion for new trial, or may intentional concealment be shown by the circumstances in evidence in the particular case?

The court of appeals opinion, arguably, might be interpreted as saying that the proof of juror misconduct can only be proved by some sort of direct, rather than circumstantial, evidence. That is what appellant urged on the *motion to transfer* and contended that the court of appeals holding on that matter was contrary to *Robbins v. Brown-Strauss Corp.*, 363 Mo. 1157, 257 S.W.2d 643 (1953). The principal reason we transferred the case was because it arguably appeared that the court of appeals holding excluded circumstantial evidence from consideration and, therefore, conflicted with *Robbins.* Regardless of that, the holding in the principal opinion that circumstantial evidence may be shown in support of the contention of intentional concealment puts the law of this case in conformity with *Robbins* and satisfies the purpose of granting this transfer.

However, appellant does not even contend that the *trial court* failed to consider the evidence which, under *Robbins,* that court should have considered. And it is the *trial court's* judgment that is on appeal, and the issue on appeal is whether the trial court, not the court of appeals, abused its discretion in failing to grant plaintiff (appellant) a new trial. I am not in disagreement with the holding of the principal opinion that the voir dire itself can be con-

sidered by a trial court, along with other evidence, as some circumstantial evidence of a juror's intentional concealment of a material matter. I do not think the court of appeals opinion necessarily holds to the contrary. But, the question of whether circumstantial evidence could be considered by the trial court was not in issue as the appeal went to the court of appeals nor, as I see it, is it in issue on the appeal in this court. I say this because the appellant did not contend in the court of appeals and does not contend in this court that the *trial court* prevented the admission of any evidence offered by appellant nor is it even contended that the *trial judge* failed to consider the voir dire along with the affidavits in ruling the motion for new trial. We know from the record that the motion for new trial was *argued* to the trial judge on June 17, 1975, and that the trial court considered the same and overruled the motion for new trial.

We do not know what appellant's counsel argued to the trial judge at the hearing on the motion for new trial, but one would assume that he argued that he (plaintiff's counsel) had asked these questions of the jury and the particular juror didn't respond, and that the judge should therefore find the juror intentionally concealed relevant information, and a new trial should be granted. At least the tenor of appellant's brief is that the facts of the voir dire were argued and that the trial judge did consider everything the appellant wanted him to consider. Appellant's position on appeal then is that the trial judge, after having considered everything appellant wanted him to consider, abused his discretion in failing to grant appellant the relief appellant sought—a new trial. Appellant does not contend the *trial court* failed to consider the circumstantial evidence. To the contrary, appellant argues that the trial judge did consider all the evidence before him and came to the wrong conclusion.

In the instant case the affidavits were signed by two of the losing plaintiffs. While I do not argue that the affidavits were intentionally falsified, I do suggest they may be incorrect or mistaken and fur-ther believe they simply do not demonstrate with the conclusiveness necessary to overturn the trial court's order overruling the motion for new trial that the juror intentionally concealed anything. At least these affidavits ought not to be conclusive on the trial court. From a circumstantial standpoint, if the juror meant to intentionally conceal his friendship, he would have to be a fool to readily acknowledge it in open court immediately after returning the verdict and in front of the parties and their attorneys when just two days before at voir dire he denied (by silence) any friendship with the same man. Assuming this juror is not a fool, his apparent openness leads me to believe that the juror did not intentionally conceal knowledge of the defendant's vice-president Ben Donnell.

But whether I come to the factual conclusion indicated supra, and some other appellate judge comes to a different conclusion, is relatively unimportant. The trial court heard the argument of counsel on the motion for new trial and at least saw the jurors, heard the voir dire, and saw the affidavits, and *that* court overruled the post-trial motion. There is no contention the trial court refused to allow testimony on the issue or that he failed to consider the voir dire along with the affidavits. He simply considered what had happened before him along with the affidavits and denied the motion. Maybe he didn't believe the affidavits or maybe having observed and heard the voir dire and believing the affidavits, nevertheless, did not believe the juror intentionally concealed anything. I find nothing in this case that *compels* the conclusion that the juror *intentionally concealed* information. There is certainly no indication that the judge did not consider the affidavits or the voir dire as evidence, circumstantial or direct, although as indicated I do not believe the affidavits are admissible to prove the truth of their contents over objection.

The burden of proving the juror lied is and ought to be on the proponent of that proposition, but if the burden is shifted by the mere filing of an affidavit of a third

person, and if the failure of the other party to produce evidence makes it conclusive that the juror lied, then the initial burden of proof is certainly rather illusory.

I find no basis for saying the trial judge failed to consider anything put forward by the appellant or the voir dire that took place before him in ruling on the motion for new trial. Nor is there even any contention that the trial court failed to consider something. The proceedings were regular, the trial judge considered everything the appellant requested he consider and simply ruled against appellant on the motion for new trial.

I find no basis on this record for holding that the trial judge abused his discretion in overruling appellant's motion for new trial on this issue and, therefore, I dissent.