Curtis PEMBERTON, Appellant,

v.

TIP TOP PLUMBING & HEATING COMPANY, INC., Respondent.

No. WD 31732.

Missouri Court of Appeals, Western District.

June 23, 1981.

Joseph F. Caresio, Kansas City, for appellant.

Laurence R. Tucker and David E. Larson, Kansas City, for respondent.

Before MANFORD, P. J., and DIXON and NUGENT, JJ.

MANFORD, Presiding Judge.

This is an action for damages for personal injury. The jury awarded appellant $75,-000.00. Respondent filed an alternative motion for remittitur, judgment N.O.V. or for a new trial. The new trial motion was premised upon alleged misconduct of three jurors. After a hearing on the motion, the trial court sustained respondent's motion for new trial. This appeal followed. The judgment is affirmed.

Pursuant to its motion for new trial, respondent offered the testimony of two jurors in support of respondent's contention that these jurors had, upon voir dire, failed to disclose prior claims involving bodily injuries. This hearing was adjourned and when reconvened, an additional juror was called and testimony entered. Following this hearing, respondent amended its motion for new trial. Leave to amend was granted without argument or objection. The amendment was premised upon alleged newly discovered evidence that one of the three jurors had suffered from a stroke and memory loss, and as a result, denied remembering an accident of June, 1978. It was alleged that this failure to disclose was additional misconduct.

The trial court, after hearing the testimony, sustained respondent's motion for a new trial, holding that the three jurors improperly failed to disclose prior claims and lawsuits in which they had sustained bodily injuries. In its order, the trial court found that all three jurors intentionally failed to disclose prior claims and that such omission denied respondent a trial before a fair and impartial jury.

This appeal followed, with appellant alleging insufficient evidentiary facts to support the trial court's findings and that such findings were not in accordance with the law.

A review of the record discloses that there was sufficient evidence to support the trial court's findings and order. The only question on this appeal is whether the trial court was possessed with authority to so act and whether such action was within such authority. The question concerning whether or not the failure of a juror to respond to questions concerning qualifications to sit on a jury amounts to intentional concealment is a matter within the discretion of the trial court and review of that authority is limited to ascertaining whether or not the record "unmistakably" discloses an abuse of that discretion. *Beggs v. Universal C.I.T. Credit Corporation*, 387 S.W.2d 499, 503 (Mo.banc 1965); *Terrell v. Bailey Limestone Co., Inc.*, 575 S.W.2d 775, 779 (Mo.App.1978).

On appeal, the reviewing court must determine if there is a logical basis for the finding of intentional concealment by the trial court, *Rodenhauser v. Lashly*, 481 S.W.2d 231, 234 (Mo.1972). When a motion for new trial has been sustained, appellate courts will be more liberal in upholding the trial court's action. *Cook v. Cox*, 478 S.W.2d 678, 682 (Mo.1972); *Girratono v. Kansas City Public Service Co.*, 272 S.W.2d 278, 281 (Mo.1954) and *Reich v. Thompson*, 346 Mo. 577, 142 S.W.2d 486, 491 (1940).

The duty of a juror during voir dire is to fully, fairly and truthfully answer

all questions directed to him. This duty is directed toward and is crucial in securing, in any given case, a fair and impartial jury. *Girratono, supra.* *Beggs* addresses the question of what result follows the failure of a juror to correctly answer any question concerning his qualifications, the result hinging upon whether or not the juror was guilty of intentional concealment. Direct evidence, as in any situation, is the ideal in determining the existence of intentional concealment, but such determination can also be inferred from circumstantial evidence which reasonably supports a finding of concealment. *Don Shrum v. Valley Mineral Products Corp.*, 563 S.W.2d 67, 69 (Mo. banc 1978), and *Rodenhauser, supra,* at 234.

■ Prospective jurors cannot unilaterally determine their own qualifications, *Beggs, supra,* and *Woodworth v. Kansas City Public Service Company*, 274 S.W.2d 264, 271 (Mo.1955). The intentional concealment of a prior personal injury claim on voir dire inquiry as to whether such claims have ever been made should disqualify a juror and if necessary, give rise to a new trial, *Blond v. Overesch*, 527 S.W.2d 663, 664 (Mo.App.1975).

The most recent pronouncement on this issue involved an action for negligence arising from an automobile collision wherein a venireman failed to disclose a prior claim for damages and the reviewing court observed that bias and prejudice may be inferred from intentional concealment of information on voir dire. This decision was that of *Marshall v. Brown*, 608 S.W.2d 105 (Mo.App.1980). In *Marshall*, the court stated:

"... a new trial is mandated in this case because of the failure of a venireman to disclose on voir dire that she had made a claim for damages suffered in a previous automobile accident. Intentional concealment of information on voir dire may be grounds for the granting of a new trial, since bias and prejudice of the venireman may be inferred from such concealment. Unintentional failure to disclose informa-

tion does not necessarily give rise to such an inference. Determination of whether concealment was intentional or not is left to the discretion of the trial court, its ruling to be reversed only upon a clear showing of abuse of that discretion. In that connection, however, it should be noted that appellate courts are more liberal in upholding a trial court's granting of a motion for a new trial than in upholding a trial court's denial of such a motion..."

and further,

"During his interrogation, plaintiff's counsel asked Mrs. Nickel individually: 'Did you ask for a settlement from [the insurer]?' Mrs. Nickel later explained her negative response to this question by stating that her own insurance company had paid her bills. We find this explanation inadequate. Her statement may explain why she did not litigate her unsuccessful claim, but in no way explains why she gave an inaccurate answer during voir dire denying that she had made a claim. We think it reasonable to infer from Mrs. Nickel's attempted explanation a belief on her part that, since she received full compensation from her own insurance company, she was not a disgruntled, unsuccessful claimant likely to be biased. A venireman, however, is not the proper judge of his or her qualifications to sit as a juror." *Marshall v. Brown, supra* at 109, 111 (citations omitted)

■ In the instant case, the trial court did not "unmistakably" abuse its discretion, *Girratono, supra.* The trial court heard evidence concerning juror T____ herein, and determined that this juror and spouse were involved in an automobile accident in August or September, 1979. The evidence revealed that this juror suffered a sore neck, went to the hospital and submitted various bills to the insurance carrier consisting of two claims, one of $175 and another of $300, both of which were paid. In the face of this evidence, appellant argues that this

juror did not understand her actions to constitute a personal injury claim. The record reveals that appellant's attorney, during voir dire, distinguished between a lawsuit and the filing of a claim. Additional evidence regarding this juror determined that this juror had negotiated settlements on prior occasions and had made demands up to $900. Appellant argues that the trial court misstated the amount of the hospital bill of this juror's husband. Such discrepancy was minor and of insufficient import to call for reversal, see *Woodworth, supra*, at 271. Appellant overlooks the fact that the trial court is not bound to accept the juror's exculpatory testimony as true. *Rodenhauser, supra*. The evidence supports the trial court's finding of intentional concealment on the part of juror T___.

The trial court, upon the evidence, found that juror E___ was involved in an accident in April, 1979 and received a settlement of claims for personal injuries and property damage in May, 1979. This juror, however, asserted that a claim had been made only for property damage. This assertion was refuted by testimony of the claims adjuster, who testified that this juror told him that he visited a physician as a consequence of a neck injury received in the accident. Doubt on this juror's claim of only property damage was cast by compensation for medical costs. The explanation of the term "claim" did not distinguish between personal injury and property damage, but it was not the prerogative of the juror to make such distinction. To conclude otherwise would be to permit unilateral determination by a prospective juror of his qualifications, this permission being prohibited under *Beggs, supra*.

The final challenged juror, juror B___, also testified, the testimony being conflicting and vacillating. Appellant contends that juror B___ was ignorant of the meaning of the term "claim". The critical question is not whether this juror lacked understanding of the term "claim" or that the testimony of this juror leads to a conclusion different than that reached by the trial court. Rather, the question is whether the trial court unmistakably abused its discretion. On this issue, the record reveals the following regarding the testimony of juror B___:

"Q. And you made a claim I take it in that case for injuries and damage to your car and got paid for it; didn't you?

A. Right.

Q. In fact you made it against Safeco Insurance Company?

A. Right.

Q. And they paid you off?

A. Right.

Q. You did remember that particular claim at the time we had the jury picking; didn't you?

A. Yes.

Q. And you just didn't tell us about it?

A. Well, I didn't. Well I didn't think it was necessary.

Q. You didn't think that this was the sort of thing that we were asking about?

A. Right.

Q. You made that determination on your own?

A. Yeah."

It is evident from the above testimony that, like juror E___, juror B___ made a unilateral determination of the qualifications to sit as a juror, violating the prohibition prescribed in *Beggs*. In addition, it should again be emphasized that the trial court was not required to accept as true the exculpatory statements of juror B___. *Woodworth* and *Rodenhauser, supra*.

The evidence supports the trial court's finding that juror B___ intentionally concealed information and prejudiced respondent's right to a fair and impartial jury.

Appellant's argument that the evidence was insufficient to support the trial court's findings and that such findings were not in

accordance with the law is found to be without merit.

The judgment is in all respects affirmed.

All concur.